**ALLEN J. KOZUPSKY, ESQ.**
Allen Kozupsky (AK-7851)
672C Herritage Hills
Somers, New York 10589
914-277-2823

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------------X   Civil Action No.:
                                                                                  07 CV 10680 (KMK)
P.H. INTERNATIONAL TRADING CORP. d/b/a HANA K,

                                                        Plaintiff,
   -against-

NORDSTROM, INC.                                                                   **JURY DEMANDED**

                                                        Defendant.
-------------------------------------------------------------------------------X

## COMPLAINT

   Plaintiff P.H. International Trading Corp. d/b/a Hana K, complaining of Defendant, Nordstrom, Inc. by Allen J. Kozupsky, its attorney, respectfully alleges:

### The Parties

   1.   Plaintiff P.H. International Trading Corp. d/b/a Hana K (hereafter "Hana K" or Plaintiff) is a corporation of the State of New York, with offices located in New York, New York. Hana K is a manufacturer and distributor of high quality leather, fur and sheerling outerwear.

   2.   Upon Information and belief, defendant Nordstrom, Inc., (hereafter "Nordstrom" or Defendant) is a corporation of the State of Washington licensed to transact business in the State of New York. Nordstrom is a retail merchant of goods and wares, including leather, fur and/or sheerling outerwear.

-1-

## Jurisdictional Statement

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332(a).

6. Venue is proper pursuant to 28 U.S.C. §§1391.

## Allegations Relevant To All Claims

7. Upon information and belief, and at all times hereinafter mentioned, "Rick" Boniakowski ("Boniakowski") was an officer, agent, buyer and/or employee of Nordstrom.

8. That from 1996 through 2002, Hana K and Nordstrom engaged in a business relationship whereby Hana K sold high quality leather, fur and sheerling outerwear designed, and manufactured specifically for Nordstrom.

9. Upon information and belief, and at all times hereinafter mentioned, Boniakowski was authorized to place orders on behalf of Nordstrom for certain merchandise, including but not limited to leather, fur and shearling garments.

## COUNT I
### (*Breach of Contract*)

10. Plaintiff repeats and realleges each and every allegation contained in ¶¶1 through 9 as though fully set forth herein.

11. That during 2002, Boniakowski, on behalf of Nordstrom, placed orders for leather and shearling garments with Hana K, the "Boniakowski Order".

12. That Boniakowski Order was placed by Nordstrom in the same and usual manner in accordance with the prior dealings between the parties and/or industry standards.

13. That Hana K specifically manufactured the garments called for by the Boniakowski Order.

14. That after the Boniakowski Order had been manufactured by Hana K, Nordstrom notified Hana K that it was cancelling the Boniakowski Orders.

15. That Nordstrom's cancellation of the Boniakowski Order was due to no fault of Hana K.

16. That Nordstrom willfully and without any cause, reason or provocation, cancelled the Boniakowski Order.

17. That the resulting dollar value of the Boniakowski Order placed with Hana K on behalf of Nordstom totaled over $1,750,000.00.

18. That as a result of Nordstrom cancelling the Boniakowski Order, Hana K has been damaged in an amount to be determined at trial, but believed to be in excess of $1,750,000.00.

19. That as a result of the wilful actions on the part of Nordstrom, Plaintiff Hana K is entitled to exemplary damages in excess of One Million Dollars ($1,000,000.00).

## COUNT II

### *(Alternative Cause of Action for Breach of Contract)*

20. Plaintiff repeats and realleges the contents ¶1 through ¶19 as though fully set forth herein.

21. That from on or about March, 2002 through June, 2002, Boniakowski, on behalf of Nordstrom, placed orders for leather and shearling garments with Hana K ("Order1").

22. That the dollar value of Order1 placed by Nordstom totaled over $750,000.00.

23. That Order1 was placed by Nordstrom in the same and usual manner in accordance with the prior dealings between the parties and/or industry standards.

24. That Hana K specifically manufactured the garments called for by the Order1.

25. That after Order1 had been manufactured, Nordstrom, notified Hana K that it was cancelling Order1.

26. That Nordstrom's cancellation of Order1 was due to no fault of Hana K.

27. That Nordstrom willfully and without any cause, reason or provocation, cancelled Order1.

28. That as a result of Nordstrom cancelling Order1, Hana K has been damaged in an amount to be determined at trial, but believed to be in excess of $750,000.00.

29. That as a result of the wilful actions on the part of Nordstrom, Plaintiff Hana K is entitled to exemplary damages in excess of One Million Dollars ($1,000,000.00).

## COUNT III
### *(Alternative Cause of Action for Breach of Contract)*

30. Plaintiff repeats and realleges the contents ¶1 through ¶29 as though fully set forth herein.

31. That in addition to manufacturing the goods called for by Order1, Hana K, as was customary in the industry and in accordance with the prior dealings of the parties, manufactured additional goods specific to Nordstrom ("Order2").

32. That the purpose of Order2 was to assure that Nordstrom would not run out of stock of Order1 garments.

33. That Order2 was made with the express knowledge and consent of Nordstrom.

34. That the dollar value of Order2 totaled over $1,000,000.00.

35. That Hana K manufactured the merchandise called for by Order2.

36. That despite due demand, Nordstrom willfully and without any cause, reason or provocation refused to pay for Order2.

37. That as a result of the foregoing, Hana K has been damaged in an amount to be determined at trial, but believed to be in excess of $1,000,000.00.

38. That as a result of the wilful actions on the part of Nordstrom, Plaintiff Hana K is entitled to exemplary damages in excess of One Million Dollars ($1,000,000.00).

WHEREFORE, Plaintiff P.H. International Trading Corp. d/b/a Hana K demands judgment against Nordstrom, Inc. as follows:

On Count One, that Plaintiff recover from Defendant damages in a sum not presently known but reasonably believed to be in excess of One Million Seven Hundred Fifty Thousand Dollars ($1,750,000.00).

On Count Two, that Plaintiff recover from Defendant damages in a sum not presently known but reasonably believed to be in excess of Seven Hundred Fifty Thousand Dollars ($750,000.00).

On Count Three, that Plaintiff recover from Defendant damages in a sum not presently known but reasonably believed to be in excess of One Million Dollars ($1,000,000.00).

On all Counts, exemplary damages in excess of One Million Dollars ($1,000,000.00), together with reasonable attorneys' fees, the costs and disbursements of this action and interest as is appropriate and as this Court allows.

ALLEN J. KOZUPSKY, ESQ.
Attorney for Plaintiff

By: Allen Kozupsky (AK-7851)
672C Heritage Hills
Somers, New York 10589
914-277-2823

Dated: January 2, 2008