UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X    Civil Action No. 07-10680 (KMK)
PH INTERNATIONAL TRADING CORP.,
d/b/a HANA K,

                              Plaintiff,

        -against-

NORDSTROM, INC.

                              Defendant.
----------------------------------------------------------X


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS COMPLAINT
AS BARRED BY THE STATUTE OF LIMITATIONS**


**ALLEN J. KOZUPSKY, ESQ.**
Attorney for Plaintiff
672C Heritage Hills
Somers, New York 10589
914-277-2823

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS.........................................................................i

TABLE OF AUTHORITIES................................................................ ii

PRELIMINARY STATEMENT.........................................................1

FACTS.............................................................................................2

ARGUMENT...................................................................................6

    A.    The Interests of Justice are Served
           by Denying Defendant's Motion.........................................6

          1.    The Expiration of the Statute of
                 Limitations Requires That Nordstrom's
                 Motion be Denied....................................................7

          2.    Hana K Possess a Meritorious Claim,
                 Warranting Denial of Nordstrom's Motion............................8

          3.    Hana K's Delay in Service Was Through
                 No Fault of Its Own and When Discovered,
                 Was Promptly Rectified...........................................9

          4.    Nordstrom Has Not Suffered Any
                 Prejudice As A Result of The Delay......................................11

    B.    Nordstrom's Reliance on Diligence is Misplaced................13

CONCLUSION...............................................................................15

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page**

Boley v. Kaymark
    123 F.3d 756 (3d Cir., 1997), cert. denied 522 U.S. 1109 (1998)              12

Brooklyn Housing and Family Services, Inc. v. Lynch
    191 Misc.2d 341 (2002)                                                          11

Burwell v. Yonkers General Hosp.
    6 A.D.3d 478 (2d Dept. 2004)                                                     7

Busler v. Corbett
    259 A.D.2d 13 (4th Dept. 1999)                                                   8

Colon v. Bailey
    26 A.D.3d 454 (2d Dept. 2006)                                                    8

Estate of Jervis v. Teachers Ins. and Annuity Ass'n
    297 A.D.2d 367 (1st Dept, 2001)                                                  11

Leader v. Maroney
    97 N.Y.2d 95 (2001)                                                         6, 8, 14

Marinelli v. Sroka
    8 Misc.3d 863 (2005)                                                             14

Mead v. Singleman
    24 A.D.3d 1142 (3d Dept. 2005)                                                   13

Myers v Secretary of the Department of the Treasury
    173 F.R.D. 44 (E.D.N.Y. 1997)                                                    7

National States Elec. Corp. v. Insurance Co. of North America,
    103 A.D.2d 824 (2d Dept. 1984)                                                   8

Scarabaggio v. Olympia & York Estates Co.
    278 A.D.2d 476 (2d Dept. 2000)                                              7, 8, 14

Slate v. Schiavone Const. Co.,
    10 A.D.3d 1, (1 Dept. 2004), leave to appeal granted 11 A.D.3d 1053,
    reversed 4 N.Y.3d 816                                                             11

ii

Table of Authorities
(continued)

State v. Sella
          185 Misc.2d 549 (2000).                                    12


**Statutes**

Fed.R.Civ.P. 12(b)(6)                                                6

New York Civil Practice and Rules § 306-b          1, 5, 6 ,8, 10, 11, 13


New York Uniform Commercial Code §2-725                              7

## PRELIMINARY STATEMENT

Plaintiff, PH International Trading Corp. d/b/a Hana K ("Hana K") commenced suit against the Defendant, Nordstrom, Inc. ("Nordstrom") seeking damages for breach of contract as well as exemplary damages for Nordstrom's wilful and malicious conduct.  As acknowledged by Nordstrom, the action was timely commenced in the Westchester County Supreme Court by the filing of a Summons with Notice.  However, unbeknownst to Hana K, the pleading was not served upon Nordstrom in a timely fashion.  Based solely thereon, Nordstrom has moved this Court for an order dismissing the case as being time barred.

The crux of this matter is simple: are the interests of justice served by permitting Hana K to serve its Summons with Notice *nunc pro tunc*, i.e. beyond the 120 day period following the commencement of the action, as required by New York Civil Practice and Rules (CPLR) § 306-b.  If the answer is affirmative, then this matter shall continue and Nordstrom will finally be compelled to serve its long awaited answer.  If the answer is negative, then this matter is over; as although Hana K disagrees with Nordstrom's dubious counting methods, it does agree that the expiration of the underlying statute of limitations will bar the refiling of this action.  Whatever the answer is, it unquestionably rests solely within the discretion of this Court.

It is respectfully submitted that since Hana K has a meritorious cause of action, has acted promptly in rectifying a duplicitous situation, and where it would suffer irreparable harm should the motion be granted because of the expired statute of limitation; while there is no prejudice to Nordstrom- which has known for years that the matter was going to be litigated, that this Court should use its discretionary power and deny Nordstrom's motion

## FACTS

The following germane facts and time line of events were gleaned from the accompanying affidavits of Pierre Lang, president of Hana K and Matthew Blank, the attorney who commenced Hana K's action against Nordstrom.  This Court is respectfully referred thereto for a more complete recitation of same.

1.    Hana K is in the business of manufacturing fine fur, leather and shearling garments.

2.    From 1997 through autumn of 2002, Nordstrom placed various orders for garments with Hana K.

3.    In 2002, Rick Boniakowski ("Boniakowski"), the national fur buyer for Nordstrom, met with Hana K and placed an order for garments on behalf of Nordstrom (the "2002 Order"). [It is this order which is the subject of this lawsuit.]

4.    Hana K manufactured the garments called for in the 2002 Order.

5.    Further, Hana K submitted necessary documentation to QRS Corporation, a corporation designated by Nordstrom, for purposes of matching up the garments manufactured against the garments ordered and issuing proper bar codes for Nordstrom's exclusive use.

6.    After the 2002 Order had been completed, Nordstrom, **without warning, and due to no fault of Hana K**, repudiated the 2002 Order.

7.    Nordstrom's sole explanation as to why it repudiated the 2002 Order was that Boniakowski allegedly failed to follow Nordstrom's own internal procedures.

8.    The 2002 Order was placed with Hana K in the same manner and method that Boniakowski used to place all of Nordstrom's prior orders.

9.    From the time the 2002 Order was wrongfully repudiated until May, 2006, Hana K continually attempted to resolve its claim with Nordstrom either by itself or through counsel.

10.   During these attempts at settlement, Nordstrom was not only made aware of the basis of Hana K's claim, but also that litigation would be commenced if the matter was unable to be amicably resolved.

11.   In August, 2005, Hana K's counsel was diagnosed with cancer.

12.   Subsequent to learning about counsel's condition, Hana K's president attempted to negotiate directly and personally with the CEO of Nordstrom, Blake Nordstrom.

13.   Blake Nordstrom, through telephone conversations and e-mails, advised Hana K that he had looked into the matter and was fully aware of Hana K's intention to litigate.

14.   Hana K's counsel passed away in July, 2006.  At the funeral, the president of Hana K met with the decedent's son, Matthew Blank, who was also an attorney. It was eventually agreed that in order to protect Hana K from the statute of limitations from running, as well as the decedent's estate, Matthew Blank would start an action against Nordstrom, with the understanding that he would turn the case over to a litigating attorney.  That subsequent attorney was Moneesh K. Bakshi ("Bakshi").

-3-

15.     Matthew Blank commenced a lawsuit by filing a Summons with Notice in the Westchester County Supreme Court, in late July, 2006.  He thereafter turned the file over to Bakshi, who agreed to serve process and otherwise take over the prosecution of the case..

16.     A month or so thereafter, both Hana K and Matthew Blank were informed by Bakshi that he had effectuated service of process upon Nordstrom.

17.     Over the subsequent months, Hana K was repeatedly assured by Bakshi that the case was being handled and was moving along in proper fashion.

18.     During the summer of 2007, Bakshi, for unknown reasons, stopped taking Hana K's telephone calls and refused to return messages.  Bakshi also refused to return any of Matthew Blank's calls.

19.     As a result, in late August 2007, Allen Kozupsky ("Kozupsky") (Hana K's current counsel) was contacted and asked to provide some guidance.  Kozupsky investigated the matter and learned that despite Bakshi's prior assertions, process had never been effectuated upon Nordstrom.

20.     Kozupsky was thereafter retained by Hana K and attempted to retrieve the file from Bakshi.  Only after threat of complaint to the bar association did Bakshi capitulate and turn over the file to Kozupsky.

21.     Within a week of receiving the file, Kozupsky effectuated service of Process upon Nordstrom.

22.     Thereafter, Nordstrom moved to transfer the action to this Court.  Upon the granting of that motion, Hana K was directed to serve a formal complaint upon Nordstrom, which it did.  A copy of the complaint is annexed as Exhibit "D" to the certification of Marc D. Youngelson.

23.      Instead of answering the complaint, Nordstrom moved to dismiss the action because of the failure of Hana K to serve process within 120 days of commencing the action, as required by NY CPLR §306-b.  This is the matter at bar.

## <u>ARGUMENT</u>

As set forth in Nordstrom's Memorandum of Law, submitted in support of its motion for dismissal pursuant to Fed.R.Civ.P. 12(b)(6), it is New York law which governs whether Hana K's late service of process was effective. Specifically, it is New York Civil Practice Law and Rules §306-b, titled: <u>Service of the summons and complaint, summons with notice, third-party summons and complaint, or petition with a notice of petition or order to show cause</u> which is controlling. CPLR §306-b states:

> Service of the summons and complaint, summons with notice, third-party summons and complaint, or petition with a notice of petition or order to show cause shall be made within one hundred twenty days after the filing of the summons and complaint, summons with notice, third-party summons and complaint, or petition, provided that in an action or proceeding, except a proceeding commenced under the election law, where the applicable statute of limitations is four months or less, service shall be made not later than fifteen days after the date on which the applicable statute of limitations expires. If service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service.

While it is conceded that Hana K did not serve its summons with notice within the one hundred twenty day period after its filing, it is submitted that the interests of justice would be best served by denying Nordstrom's motion. The decision to do so is a matter within the court's discretion. <u>Leader v. Maroney</u>, 97 N.Y.2d 95, 101 (2001)

### A.    <u>The Interests of Justice are Served by Denying Defendant's Motion</u>

New York CPLR §306-b empowers a court faced with the dismissal of a viable claim to consider any factor relevant to the exercise of its discretion; no one factor is determinative, and the calculus of the court's decision is dependent on the competing interests of the litigants, and a clearly expressed desire by the Legislature that the interests of justice be served. <u>Leader</u> at 106.

-6-

In determining whether to extend time, a court may consider factors including, but not limited to, the expiration of statute of limitations, meritorious nature of cause of action, length of delay in service and prejudice to defendant. <u>Burwell v. Yonkers General Hosp.</u>, 6 A.D.3d 478 (2 Dept. 2004). Indeed, the court may consider all relevant factors before making its determination; as no one factor is dispositive. <u>Scarabaggio v. Olympia & York Estates Co.</u>, 278 A.D.2d 476 (2 Dept. 2000).

## 1. The Expiration of the Statute of Limitations Requires That Nordstrom's Motion be Denied

Whenever the statute of limitations has run, it is often "in the interest of justice" to grant plaintiff an extension of his time to serve so as to avoid the "harsh result" of dismissal of the action (*see, e.g.,* <u>Myers v Secretary of the Department of the Treasury</u>, 173 F.R.D. 44, 47-48 (E.D.N.Y 1997) (even though plaintiff failed to show good cause for failure to serve within the 120 days, Court granted extension of time to serve where statute of limitations had expired in order to avoid "harsh result" to plaintiff).

Hana K agrees with Nordstrom in its assessment regarding the statute of limitations. Under the New York Uniform Commercial Code §2-725, there is a four year applicable statute of limitations. Furthermore, it is agreed that Hana K's cause(s) of action accrued sometime between September 11, 2002 and mid-October, 2002. Accordingly, Hana K had to commence its action no later than four years from the accrual date (i.e. September 11, 2006 - mid-October, 2006). It did just that. Hana K commenced its action on July 24, 2006 by filing a Summons with Notice[1].

---

[1]Nordstrom does not contest that the action was timely commenced.

Courts have frequently cited the expiration of the statute of limitations as a key factor in permitting a late filing in the interest of justice. *See* for example, <u>Busler v. Corbett</u>, 259 A.D.2d 13 (4th Dep't, 1999), <u>Leader</u>, *supra*, <u>Scarabaggio,</u> *supra*.  It is clear that should Nordstrom's motion be granted, it would have the same effect as if Hana K's lawsuit was dismissed with prejudice.  Given the facts of this matter, such is clearly a harsh remedy and in fact goes against the long held public policy that favors resolving cases on their merits. <u>National States Elec. Corp. v. Insurance Co. of North America</u>, 103 A.D.2d 824 (2 Dept.,1984).  Accordingly, it is submitted that the interests of justice are best served by denying Nordstrom's motion.

**2.    Hana K Possess a Meritorious Claim, Warranting Denial of Nordstrom's Motion**

While a meritorious claim is but one factor to be considered under CPLR §306-b's interest of justice standard, the lack of such a claim is fatal.  *(See* for eg, <u>Colon v. Bailey,</u> 26 A.D.3d 454 (2 Dept. 2006), where the court denied plaintiff's request to extend time because plaintiff failed to demonstrate either due diligence or a meritorious claim.)  A reading of the affidavit of Pierre Lang, the president of the Hana K, clearly demonstrates that Hana K has a meritorious claim.  Nordstrom does not even address, let alone repugn this fact in its moving papers.

The uncontested facts demonstrate that Nordstrom, through its own national fur buyer, Boniakowski, placed an order for merchandise with Hana K.  The order was placed in the same manner that all prior orders from Nordstrom had been placed.  Thereafter, Hana K manufactured the ordered goods for Nordstrom.  Then, at a time after the goods had been manufactured, but before they were to be shipped, Nordstrom, without prior warning, incredulously advised Hana K that its own fur buyer, Boniakowski, failed to file Nordstrom's own internal procedures and as a

result, Nordstrom did not consider the order to be valid[2].

Nordstrom has never contended that Hana K did anything wrong. It is submitted that it cannot. Nordstrom has never contended that Boniakowski lacked the authority to place an order on behalf of Nordstrom. Again, it is submitted that it cannot. In fact, Nordstrom has never given a valid reason for its actions. Its sole excuse is that its own authorized agent failed to follow some internal procedures, all of which have nothing to do with Hana K.

To make matters worse, Nordstrom waited until the eleventh hour to notify Hana K that it was repudiating the order. It could have done so at any time prior. Indeed, Hana K submitted appropriate documentation to QRS Corp., as required by Nordstrom. QRS Corp. Then matched up Hana K's documentation, i.e. a list of garments produced, against Nordstrom's own purchase order. Where these documents matched, a bar code was generated. This bar code was for the exclusive use of Nordstrom. QRS Corp. could only do this because Nordstrom submitted its purchase order to QRS Corp. Accordingly, for Nordstrom to state that the order was not valid is ludicrous. Nevertheless, Nordstrom still waited until after the garments were manufactured before notifying Hana K that it was not honoring its order.

Based upon the foregoing, it is submitted that Hana K's meritorious claim requires that in the interest of justice, Nordstrom's motion be denied.

**3.    Hana K's Delay in Service Was Through No Fault of Its Own and When Discovered, Was Promptly Rectified.**

Hana K does not, and can not, dispute the fact that the summons with notice was served

---

[2]Perhaps recognizing absurdity of their position and/or perhaps in an attempt to appease Hana K and avoid litigation, Nordstrom decided to throw Hana K a bone by placing a much smaller replacement order. Hana K rejected this order and never fulfilled same.

upon Nordstrom outside the one hundred twenty day period afforded by CPLR §306-b. The reason for this is that Hana K was a victim of a duplicitous attorney; one for whom the moniker "shyster" is clearly appropriate.  That attorney, Moneesh Bakshi ("Bakshi"), not only lied about serving process  upon Nordstrom, but thereafter kept on perpetrating the fraud upon his client. One only wonders how far that fraud would have gone if Bakshi actually returned telephone calls.  Luckily for Hana K, for whatever reason, Bakshi stopped taking telephone calls.

Because Hana K was a victim of fraud, the matter at bar is unlike typical cases where request for extensions based upon law office failure have been denied.  Indeed, all the cases cited by Nordstrom touching upon this issue are concerned with counsel missing a deadline, serving a wrong party or being under the wrong impression about the law; not one where counsel intentionally lied to the client.  Clearly, had Hana K known that its counsel failed to serve process, it would have acted promptly rectified the situation; just as it has done.

Hana K first learned about counsel's fraud in late August, 2007.  It thereafter promptly retained new counsel.  It took Hana K's new counsel approximately one month to obtain the file from Bakshi[3].  Upon receipt of the file, counsel promptly sent the pleading out for service and the summons with notice was served on Nordstrom within two weeks of counsel's receipt of file. Based upon these facts, it is submitted that Hana K acted expeditiously and diligently upon learning of the fraud.  Although there was an approximate eleven month delay in serving process, in actuality, Nordstrom was served within two months of Hana K first learning of the fraud and

---

[3]Bakshi initially failed to acknowledge counsel's demand for the file and only delivered the file after threat of grievance committee action.

within a mere week or so after counsel's receipt of the file[4].

**4.    Nordstrom Has Not Suffered Any Prejudice As A Result of The Delay**

Despite its attempts to address the issue, Nordstrom has utterly failed to demonstrate how it would be prejudiced by the denial of its motion and the allowance of Hana K's *nunc pro tunc* service.  The reason for this is simple.  Nordstrom is not and will not be prejudiced by the denial of its motion.  For example, it cannot argue that it will be prejudiced by the expiration of the statute of limitations, as that certainly does not constitute prejudice precluding the extension of time to serve.  Slate v. Schiavone Const. Co., 10 A.D.3d 1, (1 Dept. 2004), leave to appeal granted 11 A.D.3d 1053, reversed 4 N.Y.3d 816.  Likewise, Nordstrom cannot argue that the denial of the motion would result in a loss of some procedural or technical advantage, as, under the interest of justice prong of CPLR §306-b, that does not constitute prejudice sufficient enough to warrant the granting of its motion. Brooklyn Housing and Family Services, Inc. v. Lynch,, 191 Misc.2d 341, (2002).

Therefore, instead of establishing a true and actual prejudice, Nordstrom must rely on an implied prejudice inferred from the delay in service; although such prejudice is nothing more that an inference.  Nordstrom must rely on this implied inference because it can rely on nothing else. The reason for this is that Nordstrom has not suffered any real prejudice.  Rather, it must claim it was prejudiced simply because service of process was delayed.  It is submitted that the interests of justice are ill served by this specious claim.  What Nordstrom needs to show is the impairment

---

[4]The delay in service is to be measured from the expiration of the 120 day period. Estate of Jervis v. Teachers Ins. and Annuity Ass'n, 297 A.D.2d 367, 368 (First Dep't, 2001). However, Nordstrom's memorandum, in an attempt to mislead this court, continually references this time period as being from the date of suit commencement, i.e. fifteen months (*See*, Nordstrom memorandum pgs. 1, 2, 3, 7, 11 and 12)

of its ability to defend on the merits due to the late service. <u>State v. Sella</u>, 185 Misc.2d 549

(2000). <u>Boley v. Kaymark</u>, 123 F.3d 756, 759 (3d Cir., 1997), cert. denied 522 U.S. 1109 (1998)

However, it did not, and cannot, do that because it will not be prejudiced by the motion's denial.

      Similarly, Nordstrom cannot claim it was completely surprised by the lawsuit or Hana

K's claims. Ever since Nordstrom's wrongful repudiation, Hana K has, in good faith, attempted

to resolve the matter with Nordstrom. To this end, Hana K has negotiated both directly with

Nordstrom as well as through counsel. As set forth in Exhibit D to the affidavit of Pierre Lang,

Hana K's president, Nordstrom's CEO, Blake Nordstrom, was well aware of Hana K's claim and

the fact that it was going to be litigated:

**E-Mail dated March 21, 2006 from Hana K to Blake Nordstrom:**

...[P]rior to starting suit, I was attempting to resolve this matter by contacting you
directly. If Nordstrom is desirous of settling this matter prior to litigation, kindly
advise. If not, we will leave it up to the lawyers.

**E-Mail dated March 22, 2006 2:08 pm from Blake Nordstrom to Hana K:**

...I did my best to look into the matter...we have tried hard in good faith to
respond to the inquiries from your counsel. I assure you we do not want to be
litigious and we regret that you feel that is your best course of action...so if you
feel like you have to pursue this further then I suppose it does become a legal
matter.

**E-Mail dated March 22, 2006 1:43 pm from Hana K to Blake Nordstrom:**

...Unfortunately it does appear that litigation will be required. However, prior to
starting a lawsuit, perhaps you and I could speak privately on this matter...

**E-Mail dated March 22, 2006 8:28 pm from Blake Nordstrom to Hana K:**

I would be happy to talk to you on the phone...

Likewise, counsel's letters (Exhibit C to Pierre Lang's affidavit) not only set forth Hana K's

claim and the basis therefore, they also put Nordstrom on notice that the claim will be litigated if

-12-

not resolved:

> **Initial Claim Letter of Errol Blank dated February 8, 2005:**
>
> If you wish to resolve this matter prior to the institution of litigation, please contact the undersigned upon receipt of this letter.  Your failure to respond within ten days from the date hereof will lead to the conclusion that you have no such desire, in which event legal action will be instituted to recover all damages sustained.
>
> **Letter of Errol Blank dated August 4, 2005:**
>
> Please be advised that if I do not hear from you within 10 days from the date hereof, I have been authorized to institute suit against Nordstrom, Inc. to recover all damages sustained together with interest, costs and disbursements.

In light of the foregoing, Nordstrom cannot in good conscience claim that it was surprised by Hana K's lawsuit[5].

It is respectfully submitted that based upon the above, Nordstrom has not suffered any actual prejudice as a result of Hana K's late service.  Accordingly, in the interest of justice, Nordstrom's motion must be denied and Hana K be permitted to serve its pleading *nunc pro tunc*.

## B.    Nordstrom's Reliance on Diligence is Misplaced

Pursuant to CPLR §306-b, there are two methods by which a plaintiff may be permitted to serve a late pleading.  A plaintiff will be allowed late service if it is in the interest of justice or, upon good cause shown.  These are two separate standards. Mead v. Singleman, 24 A.D.3d 1142 (3 Dept. 2005).  While Hana K has definitively demonstrated that the interests of justice would be best served by denying Nordstrom's motion, it concedes that it cannot meet the requirements

---

[5]In addition, Nordstrom has, on at least one occasion -if not more, been supplied with documentary evidence to support Hana K's claim.

-13-

of good cause.  The reason for this is that good cause requires a certain amount of diligence in attempting service before the expiration of the one hundred twenty day period.  <u>Leader</u> at 105. Admittedly, Hana K cannot show this diligence because of the fraudulent acts of Bakshi[6].  While Hana K acted diligently upon discovering Bakshi's fraud, the actions of Bakshi removed any and all possible chance of Hana K being able to show it acted in a diligent manner during the one hundred twenty day period.

Unlike the good cause standard, however, a showing of reasonable diligence in attempting to effect service is not a "gatekeeper" in determining whether interests of justice warrant a granting of an extension of time within which plaintiff may obtain service on defendant, but is simply one of many factors to be considered by court. <u>Leader</u> at 104.   "All relevant factors," not only plaintiff's diligence, should be considered.  <u>Scarabaggio</u> at 477. Accordingly, even if this Court were to consider diligence as a factor under the interest of justice standard, Bakshi's actions and the other determinative factors discussed, *supra*, clearly outweigh Hana K's involuntary lack of diligence.  As such, Nordstrom's motion must be denied.

---

[6]Not that it is necessary for Hana K to do so. Late service of process may be excused in the interest of justice, even if there has been no showing of diligent effort at service. <u>Marinelli v. Sroka</u>, 8 Misc.3d 863 (2005).  Therefore, based solely upon the interest of justice standard, Nordstrom's motion should be denied

## CONCLUSION

For all the reasons set forth herein, as well as those contained in the accompanying affidavits of Pierre Lang and Matthew Blank, it is respectfully requested that the motion of Nordstrom to dismiss Hana K's complaint be dismissed, together with such other and further relief as to this Court seems just, fair and proper.

ALLEN J. KOZUPSKY
Attorney for Plaintiff
672C Heritage Hills
Somers, New York 10589
914-277-2823

-15-

## CERTIFICATE OF SERVICE

I Certify that I am over 18 years of age and not a party to this litigation and that on this

date, I caused a true copy of the foregoing Memorandum of Law and Affidavits of Pierre Lang

and Matthew Blank to be served via e-mail and first class mail upon:

> SILLS CUMMIS EPSTEIN & GROSS
> One Riverfront Plaza
> Newark, NJ 07102-5400
> Attn: Marc D. Youngelson, Esq.

Dated: May 21 , 2008

Allen J. Kozupsky, Esq.