UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X    Civil Action No. 07-10680 (KMK)
PH INTERNATIONAL TRADING CORP.,
d/b/a HANA K,

                        Plaintiff,

    -against-

NORDSTROM, INC.

                        Defendant.
---------------------------------------------------------X
STATE OF ILLINOIS      )
                     )ss:
COUNTY OF COOK )

             PIERRE LANG, being duly sworn, deposes and says:

           1.     I am the president of the Plaintiff, P.H. International Trading Corp. d/b/a Hana K (hereinafter "Hana K" or Plaintiff), a domestic corporation of the State of New York,  and I have personal knowledge of the facts set forth herein.  I am a resident of the State of Illinois.

           2.     This affidavit is submitted in opposition to the pending motion of the defendant, Nordstrom, Inc. (hereinafter "Nordstrom" or Defendant), seeking dismissal of Plaintiff's action based upon New York Civil Practice and Rules section 306-b ("CPLR 306-b"). Such motion is premised upon the fact that Plaintiff did not effectuate service of its duly filed Summons with Notice (the "Summons") upon the Defendant within one hundred twenty (120) of commencing its action[1].  However, for the reasons set forth herein and in Plaintiff's accompanying Memorandum of Law,  including the fact that Plaintiff possess a meritorious

---

[1] Defendant does not contest the fact that Plaintiff's action was properly commenced within the four year statute of limitations afforded by New York's Uniform Commercial Code.

cause of action and that Plaintiff's delay in serving the Summons caused no prejudice to Defendant, this Court, in the interest of justice, should exercise its discretionary powers afforded by CPLR 306-b and deny Defendant's motion.

3.    Hana K is in the business of manufacturing fine fur, leather and shearling garments. These garments are specialty ordered items, manufactured specifically for its clients. Beginning in 1997 through autumn of 2002, Nordstrom was one such client of Hana K.

4.    In early 2002, Rick Boniakowski ("Boniakowski"), the then National Fur Buyer for Nordstrom, met with Plaintiff to review its 2002 product line. Hana K had previous dealings with Boniakowski for several years in his capacity as a fur buyer for Nordstrom and had fulfilled all orders for Nordstrom placed by Boniakowski. In fact, Hana K dealt with no one, other than Boniakowski, in placing orders for Nordstrom. In 2002, in his usual and customary method, Boniakowski, upon completing his review of Hana K's product line, placed an order number 10420647 for garments on behalf of Nordstrom (the "2002 Order"). It is this order which is the subject of this lawsuit. A summary memorializing the subject order, written in Boniakowski's own handwriting, is annexed hereto and made part hereof as Exhibit "A".

5.    Thereafter, Hana K promptly ordered the necessary raw materials and manufactured the garments called for in the 2002 Order. In addition, Hana K submitted necessary documentation to QRS Corporation, a corporation designated by Nordstrom, for purposes of matching up the garments manufactured against the garments ordered and issuing proper bar codes for Nordstrom's exclusive use. Such bar codes were then issued by QRS Corporation for the 2002 Order.

6.      In September, 2002, at a time when the 2002 Order had been completed and was almost ready to be shipped to Nordstrom, Hana K, from out of the blue, received a telephone call and an e-mail from Nordstrom informing that the 2002 Order was not valid.  This was followed by a letter from Nordstrom dated October 1, 2002, a copy of which is annexed hereto as Exhibit "B", which stated:

> [A] former Nordstrom [Boniakowski] buyer submitted the above referenced
> worksheet to your company with the prospect of placing an order with your
> company.  Nordstrom subsequently learned that this buyer was not following
> Nordstrom's policies and procedures as they relate to proper confirmation of a
> Nordstrom purchase order.  For this reason, Nordstrom does not consider this to
> be a confirmed or valid purchase order.

I state to this Court that at no time prior had Nordstrom informed Plaintiff that Boniakowski did not follow Nordstrom's own internal procedures in placing the 2002 Order.  In fact, as far as Hana K was concerned, the 2002 Order was placed in the same manner and method that Boniakowski used to place all prior orders, orders which had all been retained and paid for by Nordstrom.

7.      From the time the 2002 Order was wrongfully repudiated by Nordtrsom, until late 2004, I attempted to resolve the matter directly with Nordstrom.  However, my attempts turned out to be futile.  As a result, I turned the matter over to Errol Blank, Hana K's attorney, to resolve the matter or initiate a law suit.

8.      Mr. Blank dutifully attempted to resolve this matter with Nordstrom.  To that end, he contacted Nordstrom and exchanged various communications.

Copies of these communications are annexed hereto as Exhibit "C" and made part hereof.  These communications specifically advised Nordstrom of Hana K's claim, the basis therefore and that suit would be filed if the matter could not be rectified.  Unfortunately, in or about August, 2005, Mr. Blank was diagnosed with cancer[2].  After learning of this, I decided to try one more time and see if I could resolve the matter; this time by dealing directly with Mr. Blake Nordstrom, Nordstrom's CEO.  It was my hope that as two rational men we could bypass the legal formalities and settle the matter once and for all.  To that end, I spoke with Mr. Nordstrom on the telephone and exchanged e-mails with him. Copies of the e-mails in my possession are annexed hereto as Exhibit "D" and made part hereof.   A reading of these e-mails unequivocally indicates that not only was Mr. Nordstrom aware of Hana K's claim, but that he had investigated it and was well aware that if matter was not resolved, it was going to be litigated.  Despite our good faith efforts, we were unfortunately unable to resolve the matter.

9.    Mr. Blank lost his battle with cancer in July, 2006.  Before his estate had an executor appointed, I spoke with Matthew Blank, son of Errol Blank and also an attorney.  Based upon our conversations, it was agreed that in order to protect the statute of limitations from running, Matthew Blank would start an action against Nordstrom in his name, with the understanding that since he was not a litigator, he would turn the case over to an attorney who would continue the litigation.  The eventual name of that attorney was Moneesh K.

---

[2]Mr. Blank's final letter to Nordstrom, dated August 4, 2005, occurred just before his diagnosis.

Bakshi ("Bakshi").  Based upon my conversations with Bakshi, I agreed to have him take over and litigate the Nordstrom case[3].

          10.       Towards the end of July, 2006, I received a telephone call from Matthew Blank advising that he had commenced the action against Nordstrom by filing a summons with notice and thereafter, in accordance with our understanding, he transferred the file to Bakshi, who would serve process, file proof of same with the Court as well as take over the prosecution of the matter.  About a month or so thereafter, I spoke with Bakshi and he informed me that he was in possession of the file, that he successfully served process upon Nordstrom and that the case was moving along.

          11.       Over the subsequent several months, I spoke to Bakshi on multiple occasions and each time he assured me that the case was moving along smoothly.  At one point he even requested some documentation from me, which I supplied.  All this changed, however, around the summer of 2007.  At that time, for no known reason, Bakshi stopped taking my calls.  Likewise, the multitude of messages I left for him received no response.  Getting frustrated, I called Matthew Blank and inquired as to whether he knew why Bakshi was not returning my calls.  Matthew Blank said he would inquire and subsequently advised me that Bakshi was not returning his calls as well.  He told me that he would call Allen Kozupsky ("Kozupsky"), an attorney who had done prior legal work for my family many years earlier, and have him check what was going on.

---

[3]In addition, as a result of my conversation with him, other, less pressing Hana K matters were also transferred to Bakshi.

12.    In or about late August, 2007, I spoke with Kozupsky and he informed me that he had gone to the Westchester County Clerk's office and found that while the lawsuit had indeed been commenced by Matthew Blank in a timely fashion, there was no affidavit of service in the file.  Kozupsky told me that he too tried  to get a hold of Bakshi, with no results.  He said that if he were retained, he would serve process upon the Defendant, file the affidavit of service and defend against any motion to dismiss with the hope that the Court, using its discretion, would permit the late filing.  Alternate methods to protect Hana K's interest were also discussed.

13.    On September 17, 2007 I retained Kozupsky.  It took him approximately one month to obtain the file from Bakshi and this was accomplished only through threat of action against Bakshi.  Upon receipt of the file, I am informed that Kozupsky promptly served the Defendant with process and duly filed the corresponding affidavit of service.

14.    Thereafter, this action was transferred to the United States District Court, Southern District of New York, and, pursuant to the Court's direction, a formal complaint was served upon the Defendant.  I am also informed that the attorneys for Nordstrom have moved to dismiss the action because of the failure to serve process within 120 days of commencing the action.

15.    Based upon the foregoing, I respectfully ask this Court, in the interest of justice, to use its discretionary powers and permit the late filing of the summons with notice.  I submit that Plaintiff has a meritorious cause of action and the damages resulting from Nordstrom's actions have almost ruined Hana K.  I further submit that there is no prejudice to the Defendant.  Nordstrom has always known about the claim and we have acted in good faith in

6

an attorney the legal fees necessitated the filing of this action that will result if this action be dismissed, that damages assessed, if any, will not be satisfied.

WHEREFORE, it is respectfully requested that this Court enter an order

denying Defendant's motion for dismissal in its entirety and for such other and further relief as

to this Court may deem just and proper.

PIERRE LANG

Sworn to Before Me This
/9ᵗʰ day of May, 2008

Notary Public

"OFFICIAL SEAL"
NELI K. MILITCHINSKA
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 09/20/2011

# EXHIBIT A

<u>Anniversary Promo</u>

$30K  =  54 garments = $29700

<u>e-Season Highlights</u>

$200K  =    3 Grunstein, Inv. 5296 (pt) $   ⎫
            9 BG                        ⎬ 33685
            21 Marzo                    ⎭
            3 Dynic

<u>Fall Order Shearlings (inc. Men)</u>
$250K

<u>Fall Order Furs, (Grunstein, Hank cashmere, raincoats, leathers)</u>
$200K    ~~15 Grunstein Inv. 5246 = $ 47120~~
         16 Grunstein Inv. 5046 $ 30695

<u>Dynic</u>
$100K.

# EXHIBIT B

# NORDSTROM

October 1, 2002

VIA FACSIMILE (312) 280-8177

Mr. Pierre Lang
Hana K Fashions, Inc.
512 7th Avenue
New York, New York 10018

Re:  Purchase Worksheet #10420647

Dear Pierre,

As you know, a former Nordstrom buyer submitted the above referenced worksheet to your company with the prospect of placing an order with your company.  Nordstrom subsequently learned that this buyer was not following Nordstrom's policies and procedures as they relate to the proper confirmation of a Nordstrom purchase order.  For this reason, Nordstrom does not consider this to be a confirmed or valid purchase order.

Nonetheless, in the interest of continuing our business relationship of six years, we have elected to place a new order with your company under purchase order number 10475297, which is a confirmed and valid purchase order.

Please do not hesitate to call me if you have any questions regarding our new order.  Thank you.

> Regards,
> NORDSTROM, INC.
>
> *Monica M. Ward*
>
> Monica M. Ward
> Vice President and
> Corporate Merchandise Manager

# EXHIBIT C

ERROL BLANK
ATTORNEY AT LAW
CENTEROCK EAST
2 CROSFIELD AVENUE
WEST NYACK, NEW YORK 10994

ELEPHONE: (845) 358-8880                                          FACSIMILE: (845) 353-199

February 8, 2005

Nordstrom
1617 Sixth Avenue
Seattle, WA 98101-1742

Re:  PH International Trading Corp.
     Purchase Order No. 10420647
     File No. 424-040

Gentlemen:

This office represents PH International Trading Corp. which does business under the "Hana K" trade name. The following information has been furnished by our client together with documentary evidence in support thereof.

Hana K is engaged in the sale and distribution of high quality outerwear. Many of its garments were specifically designed for and sold exclusively to Nordstrom. Hana K commenced selling such garments to Nordstrom in or about 1995 and from that time until the events described below the parties enjoyed a respectful and mutually beneficial relationship.

The course of dealing which evolved and was followed with respect to the sale of garments was that each year Nordstrom's national fur buyer would view Hana K's new sample collection of garments in Hana K's showroom. The buyer would make selections from those garments, a purchase order would be issued and Hana K would immediately proceed to fill the order. The garments would be manufactured and the completed garments delivered to Nordstrom stores in accordance with the purchase order. This is the sequence of events followed by the parties throughout the course of their relationship. For reasons which were never adequately explained to Hana K and which to this day are not understood, the foregoing procedure was stopped by Nordstrom after the purchase order was placed in 2002.

In August 2002, as had been done for the previous six years, the same Nordstrom national fur buyer, who had previously ordered from Hana K, came to their showroom to view the following year's styles. Specified garments were ordered by the buyer. A purchase order for those garments (#10420647) and confirmation of the order were issued from Nordstrom's main buying office. As a result of that order, Hana K, as was customary and necessary to

ERROL BLANK
ATTORNEY AT LAW

Nordstrom
February 8, 2005
Page Two

have the goods delivered on time, acted immediately to have the goods manufactured. All
of those garments were thereafter manufactured according to the order. Despite Hana K's
compliance with its obligations in accordance with the order and the six year course of
dealings between the parties, Nordstrom, without cause or justification, abrogated its
commitment.

Approximately three weeks before the scheduled delivery, Nordstrom repudiated its
obligations under the order. As a result none of the garments covered by the order were paid
for by Nordstrom. Nordstrom's repudiation of its obligations was legally unjustified and in
violation of its obligations to Hana K. As a direct result thereof Hana K has sustained
damages in the sum of $1,893,140.00 demand for which is hereby made.

If you wish to resolve this matter prior to the institution of litigation, please contact the
undersigned upon receipt of this letter. Your failure to respond within ten days from the date
hereof will lead to the conclusion that you have no such desire, in which event legal action
will be instituted to recover all damages sustained.

Very truly yours,

ERROL BLANK

EB:am
cc  PH International Trading Corp.

February 18, 2005

Errol Blank
2 Crosfield Avenue
West Nyack, NY  10994

Re:  Hana K- PO# 10420647

Dear Mr. Blank:

This is a follow up to my voice mail message I left for you earlier today. As I stated in my message, we just received your letter dated February 8, 2005, regarding your client's concern over merchandise they claim Nordstrom ordered using the above mentioned Purchase Order number.  Our office follows up on this type of matter and we are researching this issue.

We will respond once our research is complete.  In the meantime, if you have any questions, please do not hesitate to call me.

Thank you,

Cherié Williams
Business Claims Manager
Nordstrom, Inc.
(206) 303-2691
(206) 303-2789 Fax

ERROL BLANK

ATTORNEY AT LAW

CENTEROCK EAST

2 CROSFIELD AVENUE

WEST NYACK, NEW YORK 10994

TELEPHONE (845) 358-8880

FACSIMILE (845) 353-199·

March 25, 2005

Ms. Cherie Williams
Nordstrom, Inc.
P. O. Box 21865
Seattle, WA 98111-2517

Re: PH International Trading Corp.
    Purchase Order No. 10420647
    File No. 424-040

Dear Ms. Williams:

I am in receipt of your letter dated February 18, 2005 with regard to the above matter for which I thank you.

Please advise when I may expect a response to my letter of February 8, 2005.

Thank you for your prompt attention to this matter.

Very truly yours,

ERROL BLANK

Errol Blank
Attorney at Law
2 Crosfield Avenue
West Nyack, NY 10994

Re Hana K – PO# 10420647

Dear Mr. Blank:

As you know, we have been looking into your client's claims regarding a 2002 Nordstrom
Purchase Order referenced in your February 8, 2005 letter. We apologize for taking so
long to respond, however, this dates back several years and we wanted to ensure we did a
complete investigation prior to responding.

You are correct when you say prior to any order being placed a Purchase Order must be
submitted. You mentioned in your letter that in August of 2002, your client received
Purchase number 10420647 and confirmation from Nordstrom's main buying office.

Unfortunately we have been unable to locate a copy of this Purchase Order or your
referenced confirmation.  Please forward copies of these documents to me at your earliest
convenience so we can continue to assess your client's demands.

Please call me if you have any questions.

Sincerely,

Cherié Williams
Business Claims Manager
(206) 303-2691
(206) 303-2789 FAX

ERROL BLANK
ATTORNEY AT LAW
CENTEROCK EAST
2 CROSFIELD AVENUE
WEST NYACK, NEW YORK 10994

ELEPHONE: (845) 358-8880

FACSIMILE: (845) 353-199·

June 14, 2005

Ms. Cherie Williams
Nordstrom, Inc.
P. O. Box 21865
Seattle, WA 98111-2517

Re: PH International Trading Corp.
    File No. 424-040

Dear Ms. Williams:

Please excuse my delay in responding to your letter. You may be assured that no such delay
will occur in the future.

The goods ordered by Nordstrom, some of which were assigned purchase order #10420647,
were ordered in the same manner as Nordstrom ordered goods from my client during the
prior five years of their relationship. Just as my client had done in the past, based on
Nordstrom's order for specially manufactured garments which were transmitted to my client
in the spring, the goods were manufactured and ready for delivery in September 2002 when,
for reasons which have never been understood, Nordstrom abrogated and repudiated its
obligations. In the interim, my client had acted just as it had with regard to prior orders. The
goods were manufactured at Nordstrom's request. UPC codes were generated by EDI at
Nordstrom's request. My client was ready to fill the order.

The first notice my client received was from Monica Ward of Nordstrom who, on September
11, 2002, attempted to abrogate Nordstrom's responsibility by claiming that the purchase
order had been issued prior to an authorized signature.

Three weeks later Ms. Ward sent a letter to my client in which she claimed that Nordstrom's
buyer did not follow some unspecified company policies and procedures as a result of which
the purchase order was not deemed valid. The procedures followed by Nordstrom's buyer
were the same procedures which had been followed throughout the parties' six year
relationship, all of which resulted in the placement of valid purchase orders and only the last
of which resulted in Nordstrom's abrogation of its obligations.

Ms. Cherie Williams
Nordstrom, Inc.
June 14, 2005
Page Two

As a consumer, I am well aware of and have personally experienced Nordstrom's excellent
attitude and service to its customers. I fully expect that Nordstrom's will show the same
attitude and service with respect to its suppliers. Based on the words and deeds of
Nordstrom's representatives, Hana K produced a special $1.8 million order. I fully expect
Nordstrom to live up to its legal and moral obligation and pay all damages which have been
sustained as a result of its conduct.

Thank you for your prompt attention to this matter.

Very truly yours,

ERROL BLANK

June 21, 2005


Errol Blank
Attorney At Law
Centerrock East
2 Crosfield Avenue
West Nyack, New York 10994

Re: PH International and Nordstrom.
      Your File No. 424-040

Dear Mr. Blank:

Thank you for the information provided in your letter dated June 14, 2005. As we
requested in our letter dated April 19, 2005, we are still in need of a copy of Purchase
Order number 10420647 and the confirmation that your client claims they received in
order to research this matter further. It is our understanding based on your prior
correspondence that your client received the Purchase Order and confirmation from
Nordstrom's main buying office. Please forward copies of these documents to me at you
earliest convenience so we can continue to assess your client's demands.

Please do not hesitate to contact me at (206) 303-2691 if you have any questions.

Sincerely,

Cherié Williams
Business Claims Manager
(206) 303-2789 Fax

ERROL BLANK

ATTORNEY AT LAW

CENTEROCK EAST

2 CROSFIELD AVENUE

WEST NYACK, NEW YORK 10994

ELEPHONE: (845) 358-8880

FACSIMILE: (845) 353-19

July 8, 2005

Ms. Cherie Williams
Nordstrom, Inc.
P. O. Box 21865
Seattle, WA 98111-2517

Re: PH International Trading Corp.
    File No. 424-040

Dear Ms. Williams:

Thank you for your letter of June 21, 2005.

According to your letter, you are still looking for confirmation of the order in question. In my letter to you of June 14, 2005 I made reference to two communications from Monica Ward of Nordstrom, the first being dated September 11, 2002 and the second being sent some three weeks later. I am enclosing herewith Ms. Ward's September 11, 2002 e-mail to my client and her letter to my client dated October 1, 2002. These are the two communications referred to in my letter. From these documents, both of which reference PO 10420647, you should be able to find all documents relevant to this matter.

While I understand your desire to pull together all of your documents, you should understand that irrespective of what you find concerning any claimed lack of authorization, a transaction was entered into between Nordstrom and Hana K in the same manner and with the same authorization as it had been in all previous years. Hana K's claim does not rise or fall on the basis of the referenced purchase order. It exists based on the words and actions of the parties.

By all means, search your records and discover what you will. After doing so, which should not take long, please advise of your position.

Thank you for your prompt attention to this matter.

Very truly yours,

ERROL BLANK

EB:am
Enclosures
cc  PH International Trading Corp.

ERROL BLANK

ATTORNEY AT LAW

CENTEROCK EAST

2 CROSFIELD AVENUE

WEST NYACK, NEW YORK 10994

TELEPHONE: (845) 358-8880

FACSIMILE (845) 353-199

August 4, 2005

Ms. Cherie Williams
Nordstrom, Inc.
P. O. Box 21865
Seattle, WA 98111-2517

Re: PH International Trading Corp.
    File No. 424-040

Dear Ms. Williams:

Almost a month has passed since my last letter to you and I have yet to receive a reply.

My client has sustained substantial damages as a result of Nordstrom's breach of its obligations with respect to an order of almost $2 million. Nordstrom has been aware of my client's claim for a substantial period of time and has had more than a reasonable opportunity to investigate the matter. Under the circumstances, I must ask that you advise of your intentions without further delay.

Please be advised that if I do not hear from you within 10 days from the date hereof, I have been authorized to institute suit against Nordstorm, Inc. to recover all damages sustained together with interest, costs and disbursements.

I await your prompt response.

Very truly yours,

ERROL BLANK

EB:am
cc. PH International Trading Corp.

November 17, 2005

Errol Blank
Attorney At Law
Centerock East
2 Crosfield Avenue
West Nyack, New York 10994

Re: PH International and Nordstrom.
     Your File No. 424-040

Dear Mr. Blank:

You indicated in your August 4, 2005 correspondence that PO 10420647 was "an order of almost $2 million." Our request for copies of this Purchase Order, and the confirmation of the order that was sent by Nordstrom's main buying office are yet to be provided for our review. Please provide to our office a copy of Purchase Order 10420647 so we may complete our investigation into this matter.

Rather than providing the requested documentation, in your July 8, 2005 letter, you have provided an email and a letter that appear to be authored by Monica Ward. In the September 11, 2002 correspondence addressed to Pierre and Hana, Monica indicates PO 10420647 "has not be [sic] activated as an approved order." Again, in the October 1, 2002 letter Monica indicated to Pierre that 10420647 is a worksheet and not a valid PO. She does however agree to place an order with your client, which was approved and shipped by your client under PO 10475297.

In order to assist us with our investigation, we ask that you provide to our office a copy of PO 10420647 and the confirmation that was sent by Nordstrom's main buying office that you referred to in your letter dated February 8, 2005. Once we have an opportunity to review these documents we will be in a better position to address your client's concerns.

If you have any questions please contact me at (206) 303-2526.

Sincerely,

Nordstrom, Inc.

Michael Campbell
Business Claims Analyst

# EXHIBIT D

# THIS PORTION OF PAGE
# REDACTED
# TO PROTECT
# ATTORNEY/CLIENT
# PRIVILEDGE

-----Original Message-----
From: Nordstrom, Blake [mailto:Blake.Nordstrom@nordstrom.com]
Sent: Wednesday, March 22, 2006 8:28 PM
To: hanakhinsdale1@sbcglobal.net
Subject: Re: Hana K

Pierre,
I would be happy to talk to you on the phone. I am back east and won't be
back to my office till Monday. If you are available then please call my
direct line 206 373 4030.
Blake

-----Original Message-----
From: Hana K Hinsdale <hanakhinsdale1@sbcglobal.net>
To: Nordstrom, Blake <Blake.Nordstrom@exchange.nordstrom.com>
Sent: Wed Mar 22 13:43:16 2006
Subject: RE: Hana K

Blake,

Thank you for your reply. Unfortunately, it does appear that litigation will
be required. However, prior to starting a lawsuit, perhaps you and I could

speak privately on this matter. In view of our long standing relationship, I
would appreciate such an opportunity and I believe that a conversation may
be beneficial to all involved. I await your reply.

Sincerely,

Pierre

---

From: Nordstrom, Blake [mailto:Blake.Nordstrom@nordstrom.com]
Sent: Wednesday, March 22, 2006 2:08 PM
To: Hana K
Subject: RE: Hana K


Pierre,


After our phone conversation a while back, I was under the impression from
your feedback that our people had not communicated with you properly and
answered your questions.  I did my best to look into the matter and suffice
to say, it is more complex than you implied and from what I can determine,
we have tried hard in good faith to respond to the inquiries from your
counsel.


I assure you we do not want to be litigious and we regret that you feel that
is your best course of action.  But once again, as I tried to share with you
earlier, I do believe that our people have tried to conduct business with
you fairly and above board and so if you feel like you need to pursue this
further then I suppose it does become a legal matter.


Respectfully,

Blake

---

From: Hana K [mailto:hanakhinsdale1@sbcglobal.net]
Sent: Tuesday, March 21, 2006 8:35 AM
To: Nordstrom, Blake
Subject: Hana K


Dear Mr. Nordstrom,


I thank you for your reply.  However, I believe you misinterpreted my desire
for a discussion with you.  It had always been my hope to resolve this
matter in an amicable fashion and it was in that regard, that I contacted
you.  I am well aware of our respective counsels' involvement in this
matter.  Unfortunately, it has come to a point that the lawyers cannot move
things any further without the commencement of litigation.  Therefore, prior
to starting suit, I was attempting to resolve this matter by contacting you
directly.  If Nordstrom is desirous of settling this matter prior to
litigation, kindly advise.  If not, we will leave it up to the lawyers.

Sincerely,

Pierre Lang

e-mail: pierre@hanak.com

Cell: 847.652.6980