UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Civil Action No. 07-10680 (KMK)
PH INTERNATIONAL TRADING CORP.,
d/b/a HANA K,

                  Plaintiff,

   -against-

NORDSTROM, INC.

                  Defendant.
------------------------------------------------------------X
STATE OF NEW YORK         )
                                    )ss:
COUNTY OF WESTCHESTER  )

                 MATTHEW BLANK, being duly sworn, deposes and says:

                 1.      I am an attorney duly admitted to practice law in the Southern District of New York.

                 2.      I make this affidavit in opposition to the pending motion of the defendant, Nordstrom, Inc. (hereinafter "Nordstrom" or Defendant), seeking dismissal of Plaintiff's action based upon New York Civil Practice and Rules section 306-b.

                 3.      In or about late 2004/early 2005, plaintiff, P.H. International Trading Corp. d/b/a Hana K (hereinafter "Hana K" or Plaintiff), retained my father, Errol Blank, to represent it in a claim against Nordstrom. My father undertook that representation.

                 4.      Unfortunately, in August, 2005 my father was diagnosed with stage four lung cancer. After unsuccessful attempts with chemotherapy, my father lost his

battle with cancer in July, 2006. Upon speaking with my father prior to his passing, I became aware of some of his pending matters; one of which was the current matter at bar.

5. At my father's funeral, I met Mr. Lang. He respectfully asked that when I felt up to it, to please contact him about the matters he had with my father. I agreed. A few weeks thereafter, I began examining some of my father's files, including those concerning Hana K. Remembering our conversation, I placed a call to Mr. Lang and we began discussing his open matters.

6. Upon discussing the matter with Nordstrom, I realized that the statute of limitations could expire if prompt action were not taken. Unfortunately, despite leaving a living will and trust, an executor had yet been appointed over my father's estate. Accordingly, I spoke with my brother David, also an attorney and the proposed executor of the estate. I advised him of the situation and told him it was agreed that I would start an action to protect the client and the estate.

7. Thereafter, I again spoke with Mr. Lang and he agreed to have me start an action against Nordstrom. However, since my own practice consisted of very little litigation, I informed Mr. Lang that the case would have to be turned over to an experienced litigator. Mr. Lang agreed to this.

8. On July 24, 2006, on behalf of Plaintiff, I commenced suit against Nordstrom by purchasing an index number and filing a Summons with Notice with the Westchester County Clerk. Shortly thereafter, in accordance with my understanding with Lang, I began to look for a litigator to take over the case. I thereafter found a person willing to prosecute the action. His name was Moneesh Bakshi. After speaking with Mr. Bakshi, Mr. Lang

gave his consent for Mr. Bakshi to take over the matter. I then delivered the matter's file to Bakshi. At that time, I advised Bakshi that the defendant had to be served with process and appropriate affidavits of service filed. He told me not to worry, that he knew what to do and that he would take care of everything. Indeed, several weeks later, I received a call from Bakshi informing me that he had served process and that everything was going smoothly. I also spoke with Mr. Lang who advised that he too had spoken with Bakshi and was also informed that process had been served and that the case was moving forward.

9. My next dealings with this case occurred during the summer of 2007, when I received a call from Mr. Lang informing me that he had been unable to get in touch with Mr. Bakshi. He asked that I try to get a hold of Bakshi. My subsequent attempts to do so yielded no results. I then called Allen Kozupsky ("Kozupsky"), a lawyer and close friend of my father, advised him of the situation and asked for his advice. Kozupsky told me that he would look into the matter.

10. Not long thereafter, I was advised by Kozupsky that he had gone to the Westchester County Clerk's office and found out that the affidavit of service was not in the file. I asked him to contact Mr. Lang and advise him of what he learned. Kozupsky later advised that he had spoken to Mr. Lang and that Mr. Lang wanted him to take over the file. During this time, I could still not get a hold of Bakshi and my messages were not returned.

11. I have since learned that Kozupsky was able to obtain the file from Bakshi only after he threatened to go to the bar association. I have also been advised that the Defendant has been served with process and the case transferred to this Court.

3

WHEREFORE, it is respectfully requested that this Court enter an order denying Defendant's motion for dismissal in its entirety and for such other and further relief as to this Court may deem just and proper.

_____
MATTHEW BLANK

Sworn to Before Me This
21 day of May, 2008

_____
Notary Public
Allen Kozupsky
Notary Public State of New York
Registration # 02KO6186604
Commission Expires 5-5-2012