FROM :    PHONE NO. :    May. 29 2008 01:33AM P1

# ALLEN J. KOZUPSKY
ATTORNEY AT LAW
672C HERITAGE HILLS
SOMERS, NEW YORK 10589
914-277-2823 - NY OFFICE
914-420-4060 - CELL

AKOZUPSKY@AOL.COM

**MEMO ENDORSE**

May 30, 2008

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED:
```

Honorable. Kenneth M. Karas
United States District Judge
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601

Re: PH International Trading Corp. d/b/a Hank K v. Nordstrom, Inc.
Case No. 07-10680 (KMK)

<u>Via Facsimile Only (914) 390-4152</u>
Dear Judge Karas:

As you may recall, this office represents the plaintiff, PH International Trading Corp. d/b/a Hana K, in the above referenced matter. I am writing to you at the direction of Alicia of your chambers, with whom I spoke with this morning. The purpose of this letter is to seek the court's guidance on how to proceed given the following situation:

-Currently before the court is defendant's motion to dismiss based upon plaintiff's failure to serve its initial pleading within 120 days of starting the action in state court. Plaintiff has timely submitted and filed its opposition papers consisting of a memorandum of law and two supporting affidavits, one of which is by plaintiff's president, Pierre Lang ("Lang"). Defendant's reply, if any, is due by the end of next week.

-Upon a re-reading of plaintiff's opposition paper's this Wednesday, I realized that plaintiff had inadvertently forgotten to formally cross-move for relief which was specifically requested and addressed in its papers, i.e. not only to deny defendant's motion, but also to deem plaintiff's service of it's initial pleading to be done *nunc pro tunc*.

-Accordingly, I called defendant's counsel on Thursday and requested that defendant stipulate so that the court may treat plaintiff's opposition papers also as a cross motion. Counsel stated that he did not have authority to so stipulate and needed permission of his client to do so. Counsel never obtained this authority and as a result, my telephone call to chambers ensued.

(Hon. K. Karas p. 2)

In order to rectify the situation, plaintiff is requesting the court's permission to move by order to show cause to treat plaintiff's papers as a cross-motion. In lieu thereof, plaintiff requests a conference either in person or by telephone, so that the court may discuss the matter with counsel prior to permitting such a motion. Lastly, plaintiff also requests permission from the court to put in a sur-reply should defendant raise the lack of cross-motion as an issue in its reply.

Based upon the foregoing, plaintiff shall await instructions from the court on how to proceed.

Respectfully submitted,

Allen J. Kozupsky

cc:   Sill Cummis & Gross, attorneys for Defendant
      Via Facsimile Only (212) 643-6500

> The Court will construe Plaintiff's opposition to Defendant's motion to dismiss as a cross-motion, and will allow Plaintiff a 5-page sur-reply to be filed one week after Defendant's reply is filed.
>
> SO ORDERED.
> KENNETH M. KARAS U.S.D.J.
> 6/2/08