UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PH INTERNATIONAL TRADING CORP., D/B/A HANA K,<br><br>        Plaintiff,<br><br>v.<br><br>NORDSTROM, INC.,<br><br>        Defendant. | Civil Action No. 07-10680 (KMK) |

## MEMORANDUM OF LAW OF NORDSTROM, INC. IN SUPPORT OF MOTION TO DISMISS COMPLAINT AS BARRED BY THE STATUTE OF LIMITATIONS

SILLS CUMMIS & GROSS P.C.
Mark S. Olinsky
Marc D. Youngelson
One Rockefeller Plaza
New York, NY 10020
(212) 643-7000
Attorneys for Defendant Nordstrom, Inc.

## TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF CONTENTS | i |
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| FACTS | 3 |
|     A. PH International Served Its Bare Bones Initial Pleading On Nordstrom Fifteen Months After Filing the Action. | 3 |
|     B. Plaintiff's Claims | 3 |
|      | 5 |
| ARGUMENT | 5 |
|     A. PH International Did Not Timely Serve Nordstrom | 6 |
|     B. The Summons with Notice Should Be Dismissed Because of PH International's Extreme Lack of Diligence and the Long Delay Between the Time the Action Was Filed and the Time Nordstrom Received Notice of the Action. | 7 |
|         1. PH International Is Not Entitled to An Extension Under the "Good Cause" Branch of § 306-b. | 8 |
|         2. PH International Also Is Not Entitled to An Extension Under the Interest of Justice Standard. | 9 |
|     C. PH International's Claim Is Time-Barred | 12 |
| CONCLUSION | 16 |

# TABLE OF AUTHORITIESS

Page

**CASES**

Bell Atlantic v. Twombly,
 127 S. Ct. 1955 (2007)..................................................................................................5

Carluzzo v. Aly,
 2005 N.Y.Slip Op. 51380U, 806 N.Y.S.2d 444 (Sup. Ct. Richmond Co. 2005)............. 8-9

Charles v. Suvannavejh,
 2007 N.Y.Misc.LEXIS 3969 ..........................................................................................8

Cortec Indus., Inc. v. Sum Holding L.P.,
 949 F.2d 42 (2d Cir. 1991).............................................................................................6

Estate of Jervis v. Teachers Ins. and Annuity Ass'n,
 279 A.d.2d 367, 720 N.Y.S.2d. 21 (First Dep't 2001)...................................................10

Faulkner v. Beer,
 463 F.3d 130 (2d Cir. 2006)...........................................................................................6

Federal Ins. Co. v. Tyco Int'l Ltd.,
 422 F. Supp. 2d 357 (S.D.N.Y. 2006) (Karas, J.)............................................................6

Kaleida Health v. Medtronic Sofamor Danek USA, Inc.,
 2006 U.S.Dist. LEXIS 92295 (W.D.N.Y. December 21, 2006)..................................5, 14

Leader v. Maroney,
 97 N.Y.2d 95 (2001) .............................................................................................. passim

Marshall v. Warwick,
 155 F.3d 1027 (8th Cir. 1998) ........................................................................................6

Moulden v. White,
 45 A.D.3d 1495, 846 N.Y.S.2d 836 (Fourth Dep't 2007) ..............................................12

Ortiz v. Malik,
 25 A.D.3d 560, 824 N.Y.S.2d 736 (Second Dep't 2006) ...............................................12

Posada v. Pelaez,
 37 A.D.2d 168, 830 N.Y.S.2d 55 (1st Dep't 2007) .......................................................12

Slate v. Schiavone Constr. Co.,
 4 N.Y.3d 816 (2005) ............................................................................................... 10-12

Treeline Inv. Partners, LP v. Koren,
 2007 U.S.Dist.LEXIS 4778 (S.D.N.Y. July 3, 2007) ......................................................6

Table of Authorities
(continued)

Page

United States v. $1,073200 in United States Currency,
   2007 U.S.Dist. LEXIS 23672 (N.D.N.Y. March 30, 2007) ...................................................... 5

World Wrestling Entm't, Inc. v. Jakks Pacific, Inv.,
   530 F. Supp.2d 486, 2007 U.S.Dist. LEXIS 93775 (S.D.N.Y. 2007) (Karas, J.) ............ 5-6, 14

Yardeni v. Manhattan Eye, Ear and Throat Hosp.,
   9 A.D.3d 296, 780 N.Y.S.2d 140 (1st Dep't 2004) .............................................................. 9-10

**RULES AND STATUTES**

CPLR § 304 .................................................................................................................................. 14

CPLR § 306-b ........................................................................................................................ passim

NY UCC § 2-102 .......................................................................................................................... 12

NY UCC § 2-610 .......................................................................................................................... 13

NY UCC § 2-725(1) ..................................................................................................................... 12

Fed. R.Civ. P. 12(b) ............................................................................................................... passim

Fed. R.Civ. P. 56 .......................................................................................................................... 14

## PRELIMINARY STATEMENT

Plaintiff PH International Trading Corp. ("PH International") filed a Summons with Notice at the tail end of the four year statute of limitations in New York's Uniform Commercial Code, then waited fifteen months to serve its Summons with Notice, and then waited yet another two months to serve its Complaint. Accordingly, defendant Nordstrom, Inc. ("Nordstrom") moves to dismiss this action as time-barred.

The facts of plaintiff's delay are straightforward. On July 24, 2006, PH International filed a Summons with Notice in New York State Supreme Court. Plaintiff, however, did not serve Nordstrom until November 2, 2007, more than fifteen months later. Thereafter, Nordstrom removed the action to this Court. On January 7, 2008, plaintiff finally served its Complaint on Nordstrom.

The Complaint alleges that, during 2002, Nordstrom placed an order for leather and shearling outerwear garments with plaintiff, a distributor of such goods. PH International claims that Nordstrom breached this contract by canceling the order without cause. Nordstrom's alleged cancellation occurred on September 11, 2002 – when Nordstrom advised plaintiff in writing that plaintiff had not received a valid, approved purchase order from Nordstrom.

New York CPLR § 306-b, which governs the sufficiency of service in diversity actions where service is effected prior to removal, provides a plaintiff with 120 days to serve its initial pleading. PH International did not serve Nordstrom during this 120 day period.

CPLR § 306-b further provides that a Court should dismiss an action where service is not made within 120 days of commencing the action, unless a plaintiff can establish that it should

receive an extension of time to serve through a showing either of "good cause" or that the extension is warranted "in the interest of justice."

PH International is not entitled to any such extension. First, PH International cannot establish "good cause" because it apparently made no effort whatsoever to serve Nordstrom during the 120 day period after filing the action.

Second, PH International also cannot demonstrate that an extension would be in the interest of justice because (i) PH International did nothing to prosecute the action against Nordstrom (including simply by trying to serve Nordstrom) during the fifteen month period between filing and late service; and (ii) Nordstrom had no notice of the action during this entire time. The New York Court of Appeals has held that it is an abuse of discretion to extend the time for service under the "interest of justice" standard where a plaintiff displays an extreme lack of diligence prosecuting an action and there is a long delay between the filing date and the time a defendant receives notice of the action. That is precisely what happened here.

Finally, PH International's claim accrued no later than October 2002. The statute of limitations under New York's Uniform Commercial Code (applicable here because plaintiff's alleged contract was for the sale of goods) is four years. Thus, plaintiff had to commence – i.e., file – its action no later than October 2006. If plaintiff's original filing is dismissed for having not been timely served under § 306-b, PH International would not be entitled to the benefit of its July 24, 2006 filing date. The statute of limitations on plaintiff's claims expired more than seventeen months ago. Accordingly, plaintiff's claims are time-barred, and should be dismissed with prejudice.

# FACTS

**A.   PH International Served Its Bare Bones Initial Pleading On Nordstrom Fifteen Months After Filing the Action.**

On July 24, 2006, PH International commenced this action (the "Action") by filing a Summons with Notice in New York State Supreme Court. (Certification of Marc D. Youngelson, executed on April 3, 2008 ("Youngelson Cert."), Ex. A.) Plaintiff, however, did not serve its Summons with Notice on Nordstrom, by serving CT Corporation, Nordstrom's registered agent for service, until November 2, 2007 – more than fifteen months later. (Id., Ex. B.) Plaintiff's "bare bones" pleading provided Nordstrom only with notice that PH International sought a $1.75 million judgment for an alleged breach of contract. (Id.) On November 29, 2007, Nordstrom removed the Action to this Court. (Id., Ex. C.)

**B.   Plaintiff's Claims.**

On January 7, 2008 – approximately seventeen months after filing the Action – PH International served its Complaint ("Compl.") on Nordstrom. (Youngelson Cert. Ex. D.) Plaintiff's Complaint did not set forth much additional information regarding its claims, and did not attach any documents supporting those purported claims.

In Count One of its Complaint, PH International alleges that, during 2002, Nordstrom placed an order for leather and shearling outerwear garments with plaintiff, a manufacturer and distributor of such goods. (Compl. ¶¶ 1, 11.) Plaintiff further alleges that Nordstrom breached

-3-

the foregoing contract by canceling the order without cause. (Id. ¶¶ 14-15.) PH International seeks $1.75 million in compensatory damages and more than $1 million in exemplary damages.[1] (Id. ¶¶ 18-19.)

Plaintiff does not identify in its Complaint the date on which Nordstrom purportedly canceled plaintiff's alleged order. However, by e-mail dated September 11, 2002, Nordstrom advised PH International that it had not received a valid, approved purchase order from Nordstrom. (Youngelson Cert. Ex. E.) By letter dated October 1, 2002, Nordstrom confirmed that it had not issued a valid purchase order to PH International. (Id. Ex. F.) However, as an accommodation, Nordstrom issued a "new order" to plaintiff. (Id.) Correspondence from plaintiff's counsel confirms that Nordstrom's "cancellation" occurred in or about late August or early September 2002, approximately "three weeks before the scheduled delivery" of the goods allegedly ordered by Nordstrom. (Id. Ex. G.) PH International's letter does not acknowledge the "new order" issued by Nordstrom to PH International.[2]

---

[1] In Counts Two and Three, PH International alleges in the alternative that Nordstrom wrongfully canceled both (i) orders placed with plaintiff between March and June 2002 (Compl. ¶¶ 21, 25 (Count Two)); and (ii) additional goods not actually ordered by Nordstrom but manufactured by plaintiff to "assure that Nordstrom would not run out of stock" of the ordered items (Id. ¶¶ 31-32, 36 (Count Three)). Plaintiff seeks compensatory damages of $750,000 on Count Two and $1,000,000 on Count Three, and exemplary damages in excess of $1 million on both Counts. (Id. ¶¶ 29, 38.)

[2] While not relevant to its Motion to Dismiss, Nordstrom has asked PH International to identify any other purchase orders – i.e., orders in addition to the invalid purchase order referenced in Nordstrom's September 11, 2002 e-mail, which Nordstrom replaced as an accommodation – it believes Nordstrom wrongfully canceled. Plaintiff has not done so. Nordstrom contends that PH International never received any valid or authorized purchase orders from Nordstrom.

## ARGUMENT

Pursuant to Fed. R.Civ. P. 12(b)(6), Nordstrom submits this application to dismiss PH International's claims as time-barred by the four year statute of limitations set forth in New York's Uniform Commercial Code. United States v. $1,073200 in United States Currency, 2007 U.S.Dist. LEXIS 23672, *5 (N.D.N.Y. March 30, 2007) ("Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss. Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss."); Kaleida Health v. Medtronic Sofamor Danek USA, Inc., 2006 U.S.Dist. LEXIS 92295, *5 n.2 (W.D.N.Y. December 21, 2006) ("The defense of statute of limitations is properly raised by a Rule 12(b)(6) motion where the complaint on its face shows noncompliance with the limitations period.").

As this Court has held, on a Rule 12(b)(6) motion, the Court "will accept as true Plaintiff's allegations, and draw all inferences in Plaintiff's favor." World Wrestling Entm't, Inc. v. Jakks Pacific, Inv., 530 F. Supp.2d 486, 2007 U.S.Dist. LEXIS 93775, *14 (S.D.N.Y. 2007) (Karas, J.). After the Supreme Court's decision in Bell Atlantic v. Twombly, 127 S. Ct. 1955 (2007), however, a plaintiff must do more than simply set forth conclusory allegations in a formulaic recitation of the elements of its claim to survive dismissal. Id. 2007 U.S.Dist. LEXIS 93775 at *12 ("a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citing Twombly). Rather, plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. (citing Twombly). Simply put,

where, as here, a "[p]laintiff ha[s] not nudged its claims across the line from conceivable to plausible, [its] complaint must be dismissed." Id. (citing Twombly).

Further, on a Rule 12(b)(6) motion, the court may consider both the complaint itself and documents relied upon by plaintiff when drafting the complaint or integral to it, provided there are no disputes as to the authenticity or accuracy of the documents. World Wrestling Entm't, 2007 U.S.Dist. LEXIS 93775 at *14 ("When considering a Rule 12(b)(6) motion, a court must limit itself to facts stated in the complaint, documents attached to the complaint, and documents incorporated into the complaint."); Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006) (court may consider documents relied upon by plaintiff in drafting the complaint and integral to it on 12(b)(6) motion where "no dispute exists regarding the authenticity or accuracy of the document") (citing Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991)).

As demonstrated below, even accepting all of PH International's allegations as true, it is plain that PH International's claims here are time barred.

**A.     PH International Did Not Timely Serve Nordstrom.**

As this Court has recognized, New York state law governs whether PH International's late service of its initial Summons with Notice on Nordstrom was effective, as such service occurred prior to removal of the Action. Federal Ins. Co. v. Tyco Int'l Ltd., 422 F. Supp. 2d 357, 383 (S.D.N.Y. 2006) (Karas, J.) ("the federal courts are to apply the state law regarding proper service in state actions *before they are removed*. . . .federal courts routinely look to state law when evaluating the propriety of service in deciding motions to dismiss a complaint in diversity cases removed to federal court.") (emphasis in original); see also Treeline Inv. Partners, LP v. Koren, 2007 U.S.Dist.LEXIS 4778, *16 n.6 (S.D.N.Y. July 3, 2007) ("federal courts apply state

-6-

law to determine the sufficiency of service in state actions *before* they are removed") (emphasis in original) (citing Federal Ins. Co.); Marshall v. Warwick, 155 F.3d 1027 (8th Cir. 1998) ("The district court correctly determined the sufficiency of service in this [removed] case . . . according to state law because service of process occurred before removal.").

Thus, New York CPLR § 306-b governs whether PH International properly effected service upon Nordstrom in this Action. Specifically, § 306-b provides that service of a summons with notice – PH International's initial pleading in this Action – was required to be made within 120 days of filing. CPLR § 306-b ("service of the . . .summons with notice . . . shall be made within one hundred and twenty days after the filing of the . . . summons with notice"); see also Leader v. Maroney, 97 N.Y.2d 95, 101 (2001) (stating that, under § 306-b, a plaintiff must "serve a defendant within 120 days after the filing of the action").

Here, PH International filed its Summons with Notice on July 24, 2006; thus, it had 120 days, or until November 21, 2006, to serve that pleading on Nordstrom. Plaintiff did not serve Nordstrom until November 2, 2007 – almost a full year past the November 21, 2006 deadline, and more than fifteen months after the Action was commenced. In other words, PH International did not timely serve Nordstrom.

**B.    The Summons with Notice Should Be Dismissed Because of PH International's Extreme Lack of Diligence and the Long Delay Between the Time the Action Was Filed and the Time Nordstrom Received Notice of the Action.**

§ 306-b further provides that where, as here, service is not made within 120 days, the Court should dismiss the action, unless a plaintiff can demonstrate that it is entitled to an extension of time for service:

> If service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that

defendant or upon good cause shown or in the interest of justice, extend the time for service.

§ 306-b. In <u>Leader</u>, the New York Court of Appeals explained that, by its terms, § 306-b permits a court to grant an extension of time to serve upon a showing by plaintiff either (i) of "good cause;" or (ii) that the extension would be "in the interests of justice." <u>Leader</u>, 97 N.Y.2d at 104 (holding that CPLR § 306-b provides courts with "two separate standards by which to measure an application for an extension of time to serve"); <u>see</u> also <u>Carluzzo v. Aly</u>, 2005 N.Y.Slip Op. 51380U, *3, 806 N.Y.S.2d 444 (Sup. Ct. Richmond Co. 2005) ("It is now well-settled that the 'good cause' and 'interest of justice' branches of the statute contemplate separate grounds for an extension and are defined by separate criteria.").

Because PH International did not timely serve Nordstrom, pursuant to § 306-b, the Court should dismiss the Action unless PH International can establish that it is entitled to an extension of time. Plaintiff cannot do so under either the good cause or the interest of justice standard set forth in § 306-b.

### 1. PH International Is Not Entitled to An Extension Under the "Good Cause" Branch of § 306-b.

"Good cause requires a threshold showing that plaintiff has made reasonably diligent efforts to make timely service." <u>Carluzzo</u>, 2005 N.Y.Slip. Op. 51380U at *3 (citing <u>Leader</u>); <u>see also Leader</u>, 97 N.Y.2d at 105 (noting that plaintiff must establish "reasonably diligent efforts at service as a threshold matter" to obtain an "extension . . .premised on good cause"); <u>Charles v. Suvannavejh</u>, 2007 N.Y.Misc.LEXIS 3969, * 3 (Sup. Ct. Bronx Co. 2007) ("Good cause focuses on plaintiff's diligence in attempting to serve defendant and reasons for not effecting service despite that diligence."). Courts have denied requests for extension under the good cause branch

-8-

of § 306-b where no showing of any effort to serve is demonstrated. See, e.g., Carluzzo, 2005 N.Y.Slip. Op. 51380U at *3 ("in which no discernible effort other than the redundant and obviously fruitless telephone calls was expended, it cannot be said that plaintiff has shown 'good cause' for his failure to timely serve defendants").

Here, PH International has made no showing that it, or its counsel, made any effort whatsoever to serve Nordstrom during the 120 days following the filing of the Action. Nordstrom certainly is not aware of any such efforts. Accordingly, PH International is not entitled to an extension of time in which to serve Nordstrom under the good cause prong of § 306-b. Carluzzo, 2005 N.Y.Slip. Op. 51380U at *3 (denying extension).

### 2. PH International Also Is Not Entitled to An Extension Under the Interest of Justice Standard.

In Leader, the New York Court of Appeals held that the "interest of justice" branch of § 306-b requires a fact-specific analysis of the parties' respective interests:

> The interest of justice standard requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties. Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter. However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant.

Leader, 97 N.Y.2d at 105-06; see also Carluzzo, 2005 N.Y.Slip. Op. 51380U at *3 (noting that plaintiff's "lack of diligence is a significant" factor in the interest of justice analysis).

The Leader Court further held that "substantial prejudice" to the defendant was to be inferred where, as here, a defendant had no notice of the plaintiff's claims for a long period of time after they accrued. Leader, 97 N.Y.2d at 107 ("defendants had no notice of plaintiffs'

claims for nearly three years after their accrual, leading to an inference of substantial prejudice"); see also Yardeni v. Manhattan Eye, Ear and Throat Hosp., 9 A.D.3d 296, 297, 780 N.Y.S.2d 140, 141 (1st Dep't 2004) (affirming denial of extension because "it would not be in the interest of justice to extend plaintiff's time to serve . . . based upon the 'inference of substantial prejudice' raised by defendants' lack of notice of [the] action until they were served . . . after the expiration of the applicable statute of limitations").[3]

Four years after Leader, the New York Court of Appeals held that it was an abuse of discretion to grant an extension of time to serve under the interest of justice standard where, as here, there was an extreme lack of diligence by plaintiff and long delay before defendant received any notice of the action:

> In view of the extreme lack of diligence shown by plaintiff, and the long delay (more than a year and a half after running of the statute of limitations) before defendant received any notice of the action, the courts below abused their discretion in granting plaintiff an extension to serve defendant 'in the interest of justice' pursuant to CPLR 306-b.

Slate v. Schiavone Constr. Co., 4 N.Y.3d 816, 817 (2005); see also Estate of Jervis v. Teachers Ins. and Annuity Ass'n, 279 A.d.2d 367, 368, 720 N.Y.S.2d. 21, 22 (First Dep't 2001) ("The 120-day period . . . should not be extended in the interest of justice. . .where there was an unacceptably protracted delay measured from the expiration of the 120-day period.").

---

[3]  In Yardeni, plaintiff's medical malpractice claim arose on May 13, 1999; plaintiff filed a *pro se* summons with notice on October 20, 2001, but never tried to serve defendants; the statute of limitations on plaintiff's claim expired on November 13, 2001; plaintiff ultimately consulted an attorney, who commenced a second action on February 20, 2002; defendants were served shortly after the second action was filed.  Yardeni, 9 A.D.3d at 297; 780 N.Y.S.2d at 140.

The Court of Appeal's decision in Slate demonstrates the importance of lack of diligence and long delay in the interest of justice analysis. In that case, plaintiff filed an action on September 1, 2000, 2 days before the relevant statute of limitations expired. Slate v. Schiavone Constr. Co., 10 A.D.3d 1, 2, 780 N.Y.S.2d 567, 568 (1st Dep't 2004), rev'd, Slate, 4 N.Y.3d at 816. On October 5, 2000, plaintiff served a summons and complaint on what he thought was defendant's "managing agent."[4] Id. at 3. Defendant did not appear. Id. On January 10, 2001, plaintiff mailed defendant a certified letter advising of a potential default, which was returned unsigned. Id. On January 15, 2002, a default judgment was entered against defendant. Id. On March 8, 2002, the parties agreed to extend defendant's time to answer to April 9, 2002. Id. Defendant instead filed a motion to dismiss. Id. In its opposition, plaintiff requested an extension of time to serve under CPLR 306-b, arguing that (i) its attorney, who recently had taken over for another attorney, had effected service on the wrong person because he received the wrong address for the defendant from the first attorney; and (ii) an affidavit of service was filed, which led plaintiff and his second counsel to "believe that all was in order." Id.

The Supreme Court denied defendant's motion to dismiss and extended plaintiff's "time for service in the interest of justice." Slate, 10 A.D.3d at 4. The First Department affirmed. Id. at 8-9. As noted, the Court of Appeals reversed. Slate, 4 N.Y.3d at 817.

Here, PH International did not serve Nordstrom until November 2, 2007 – almost a full year past the 120 day deadline (November 21, 2006), and more than fifteen months after the Action was commenced (and, as discussed below, approximately thirteen months after the statute

---

[4] Defendant denied employing the person identified as its so-called managing agent, and

-11-

of limitations on plaintiff's claim expired). PH International served its initial pleading on CT Corporation, Nordstrom's registered agent – which PH International easily could have done when it filed the Action on July 24, 2006 (or any time thereafter). Notwithstanding, there is no evidence that PH International, or its counsel, made any effort to serve Nordstrom, or otherwise to prosecute the Action during the fifteen month period between the time the Action was commenced – July 24, 2006 – and the time that late service upon Nordstrom was effected. Nordstrom had no notice of the Action (which, as discussed below, arose more than four years ago) during this entire period. In short, there plainly has been an "extreme lack of diligence" by PH International here, as well as a "long delay" between filing and the time that Nordstrom received notice of the Action. Accordingly, as in Slate, PH International is not entitled to an extension of time to serve in the "interest of justice." Slate, 4 N.Y.3d at 817.[5]

### C. PH International's Claim Is Time-Barred.

The contract alleged by PH International in the Action is for a sale of goods (leather and fur outerwear). Accordingly, Article 2 of New York's Uniform Commercial Code ("NY UCC")

---

denied having a business office where plaintiff attempted service. Slate, 10 A.D.3d at 3.

[5]  See also Moulden v. White, 45 A.D.3d 1495, 1496, 846 N.Y.S.2d 836, 837 (Fourth Dep't 2007) (affirming dismissal "in view of plaintiff's extreme lack of diligence," and stating that "multiple law office failures could not serve as a basis for granting plaintiff an extension of time in which to serve defendants 'in the interest of justice' pursuant to CPLR 306-b") (citing Slate and Leader); Posada v. Pelaez, 37 A.D.2d 168, 168, 830 N.Y.S.2d 55, 56 (1st Dep't 2007) ("In view of such lack of diligence [service seven months after 120-day period expired] and the long delay in notifying [defendant] of this action [three years after claim accrued] which caused him substantial prejudice, an extension of time to serve was unwarranted") (citing Slate); Ortiz v. Malik, 25 A.D.3d 560, 560, 824 N.Y.S.2d 736, 736 (Second Dep't 2006) (reversing grant of extension under 306-b where "plaintiff exhibited an overall lack of diligence in prosecuting the action, failed to make any showing of merit, and failed to explain the prolonged delay between

governs the parties' dispute. NY UCC § 2-102 ("this Article applies to transactions in goods"). Pursuant to § 2-725 of the New York UCC, the applicable statute of limitations is four years: "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." NY UCC § 2-725(1). "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." Id. § 2-725(2). In other words, the statute of limitations begins to run once the breach occurs. However, where the alleged breach constitutes an anticipatory repudiation – e.g., the buyer clearly indicates it will not accept the goods[6] – the statute of limitations may not begin to run until the time for the seller's performance is due. Cary Oil. Co. v. MG Ref. and Mktg., Inc., 90 F. Supp.2d 401, 412 (S.D.N.Y. 2000) ("This issue has received scant attention, particularly in UCC cases. At common law, a party aggrieved by an anticipatory repudiation was not required to sue immediately but could await the time of performance to see whether the other party intended to make good on its repudiation. In consequence, the statute of limitations for failure to perform did not begin to run until the time fixed for performance. The UCC appears to have adopted this approach, although it does not explicitly so state.").

Here, PH International's claim accrued either on September 11, 2002 (the date on which Nordstrom purportedly breached the parties' sale of goods contract) or, at the latest, in the first week of October 2002 (when PH International allegedly was supposed to deliver the goods to

---

the commencement of the action in July 2003 and defendants' receipt of notice of the action in September 2004" – a delay of approximately 14 months) (citing Slate).

[6] "[A]nticipatory repudiation centers upon an overt communication of intention or an action which renders performance impossible or demonstrates a clear determination not to continue with performance." NY UCC § 2-610, comment 1.

Nordstrom). (Youngelson Cert. Ex. G (noting that Nordstrom's "cancellation" occurred "three weeks before the scheduled delivery").) To the extent plaintiff claims that Nordstrom breached "other" purchase orders, the date on which those claims accrued would be the same – either the date on which Nordstrom advised plaintiff that Nordstrom had approved no other purchase orders to plaintiff, or the date on which PH International was supposed to deliver those purported orders. Thus, PH International had to commence – i.e., file – the Action within four years of either September 11, 2002 or early October 2002 – i.e., before September 11, 2006 or, at the absolute latest, by early October 2006. CPLR § 304 (action is commenced by filing).

Nordstrom recognizes that the documents that confirm the date on which plaintiff's claim accrued (Nordstrom's September 11, 2002 e-mail to PH International and PH International's February 8, 2005 letter to Nordstrom) are not attached to plaintiff's Complaint. However, PH International plainly relied on these documents when drafting its Complaint, the documents are integral to PH International's claims, and Nordstrom believes that there is no dispute as to their accuracy or authenticity. Accordingly, the Court properly may consider these documents on the Motion to Dismiss. See, e.g., World Wrestling Entm't, 2007 U.S.Dist. LEXIS 93775 at *14; Faulkner, 463 F.2d at 134.[7]

Thus, if plaintiff's original Summons with Notice is dismissed for having not been timely served under § 306-b, plaintiff no longer would be entitled to the benefit of its initial July 24, 2006 filing date. The statute of limitations on plaintiff's claims expired more than seventeen

---

[7] If PH International disputes the date upon which it claims accrued, Nordstrom respectfully submits that the Court, pursuant to Fed. R.Civ. P. 12(b), may convert Nordstrom's motion to one

months ago. Accordingly, plaintiff's claims are time-barred, and the Action should be dismissed with prejudice. <u>Kaleida Health</u>, 2006 U.S.Dist.LEXIS 92295 at *7 (dismissing contract claims as barred by NY UCC § 2-725).

---

for summary judgment under Fed. R.Civ. P. 56, and, if necessary, allow for limited, focused discovery to establish this important date.

## CONCLUSION

For the foregoing reasons, Nordstrom respectfully requests that the Court grant Nordstrom's motion and dismiss plaintiff's complaint with prejudice.

Dated:    April 4, 2008

                                      SILLS CUMMIS & GROSS P.C.

                                      By: _____
                                              Mark S. Olinsky
                                              Marc D. Youngelson

                                        Sills Cummis & Gross P.C.
                                        One Rockefeller Plaza
                                        New York, NY 10020
                                        Telephone: (212) 643-7000
                                        Attorneys for defendant Nordstrom, Inc.