UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PH INTERNATIONAL TRADING CORP.,
D/B/A HANA K,

Plaintiff,

v.

NORDSTROM, INC.,

Defendant.

Civil Action No. 07-10680 (KMK)

**CERTIFICATION OF
MARC D. YOUNGELSON**

I, Marc D. Youngelson, under penalty of perjury, hereby certifies as follows:

1.     I am associated with Sills Cummis & Gross P.C., attorneys for defendant Nordstrom, Inc. ("Nordstrom" or "defendant") in the above-captioned action (the "Action"). I submit this certification in support of Nordstrom's motion to dismiss plaintiff PH International Trading Corp.'s ("PH International" or "plaintiff") Complaint in the Action. Unless otherwise stated, I have personal knowledge of the facts set forth herein.

2.     Annexed hereto as Exhibit A is a true and correct copy of a July 24, 2006 Summons with Notice from plaintiff.

3.     Annexed hereto as Exhibit B is a true and correct copy of a Service of Process Transmittal dated November 2, 2007 from CT Corporation to Nordstrom.

4.     Annexed hereto as Exhibit C is a true and correct copy of Nordstrom's Notice of Removal dated November 29, 2007.

5.     Annexed hereto as Exhibit D is a true and correct copy of plaintiff's Complaint in the Action, which was filed and served upon Nordstrom on January 7, 2008.

6.     Annexed hereto as Exhibit E is a true and correct copy of a September 11, 2002 e-mail from Monica Ward of Nordstrom to PH International.

7.      Annexed hereto as Exhibit F is a true and correct copy of an October 1, 2002 letter from Monica Ward of Nordstrom to Pierre Lang of PH International.

8.      Annexed hereto as Exhibit G is a true and correct copy of a February 8, 2005 letter from Errol Blank, Esq., counsel to PH International, to Nordstrom.


I certify under penalty of perjury that the foregoing is true and correct.


Executed on: April 3, 2008                    _____

                                                          Marc D. Youngelson

2

EXHIBIT A

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

PH INTERNATIONAL TRADING CORP. D/B/A
HANA K,

                                                    Plaintiff,

        -against-

NORDSTROM, INC.,

                                                    Defendant.

SUMMONS with NOTICE

## MATTHEW A. BLANK

**Attorney for Plaintiff**

2 Crosfield Avenue
West Nyack, NY 10994
845 358-8880

Signature of Counsel pursuant to 22 NYCRR 130-1.1a _____
                                                    Matthew A. Blank

*Service of a copy of the within*                    *is hereby admitted.*

*Dated:*                                             _____
                                                    *Attorneys for*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------X
PH INTERNATIONAL TRADING CORP. D/B/A
HANA K,

        Plaintiff,

    -against-

NORDSTROM, INC.,

        Defendant.
-------------------------------------------------------------X

Index No.: 13584/06
Date Purchased: 7/24/06

**RECEIVED**
JUL 24 2006
TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

SUMMONS WITH NOTICE

The basis of venue is
Defendant's Principal Office

To the above-named Defendant

        You are hereby summoned and required to serve an answer to the complaint in this action, or if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: July 24, 2006

                        MATTHEW A. BLANK
                        Attorney for Plaintiff(s)
                        Office & P.O. Address
                        2 Crosfield Avenue
                        West Nyack, New York 10994
                        845-358-8880

Notice: The nature of this action is to recover damages for breach of contract.

The relief sought is a money judgment in the sum of $1,750,000.00

Upon your failure to appear, judgment will be taken against you by default in the sum of $1,750,000.00 with interest thereon from August 1, 2002 and the costs and disbursements of this action.

FROM: Elena Boutakova (212)894-8940
CT - New York SOP Team
111 Eighth Avenue

New York, NY 10011

TO: **Pat Jones (206)303-2541**
**Nordstrom, Inc.**
**1700 - 7th Avenue**
**Suite 700**
**Seattle, WA 98101**
Ref: SOP/0101900/512749959/Elena Boutakova



FedEx Revenue Barcode

CAD#: 8278166
SHIP DATE: 02NOV07
WEIGHT: 1 LB

DELIVERY ADDRESS (FedEx-EDR)

TRK # 7988 0050 1272      FORM
0201

98101    WA-US

PRIORITY OVERNIGHT

SEA

# XH LKEA

MON
A1
Deliver by:
05NOV07

CLS050607

EXHIBIT B

**CT** CORPORATION
A WoltersKluwer Company

TO:     Pat Jones
        Nordstrom, Inc.
        1700 - 7th Avenue, Suite 700
        Seattle, WA 98101-4407

RE:     **Process Served in New York**

FOR:     Nordstrom, Inc. (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | PH International Trading Corp., etc., Pltf. vs Nordstrom, Inc., Dft |
| DOCUMENT(S) SERVED: | Letter, Summons with Notice, |
| COURT/AGENCY: | Westchester County: Supreme Court, NY<br>Case # 13504/06 |
| NATURE OF ACTION: | Breach of Contract - Seeking $1,750,000.00 |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, New York, NY |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 11/02/2007 postmarked on 10/30/2007 |
| APPEARANCE OR ANSWER DUE: | Within 30 days after the service is complete |
| ATTORNEY(S) / SENDER(S): | Matthew A. Blank<br>2 Crosfield Avenue<br>West Nyack, NY 10994<br>845-358-8880 |
| REMARKS: | Papers were served on the New York State Secretary of State on 10/26/07. |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex Priority Overnight , 798800501272<br>CC Recipient(s)<br>D. WAYNE GITTINGER, via Regular Mail |
| SIGNED:<br>PER:<br>ADDRESS:<br><br>TELEPHONE: | C T Corporation System<br>Christopher Tilton<br>111 Eighth Avenue<br>New York, NY 10011<br>212-894-8940 |

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

PH INTERNATIONAL TRADING CORP. D/B/A
HANA K,

                                                    Plaintiff,

        -against-

NORDSTROM, INC.,

                                                    Defendant.

SUMMONS with NOTICE

MATTHEW A. BLANK

Attorney for Plaintiff

2 Crosfield Avenue
West Nyack, NY 10994
845 358-8880

Signature of Counsel pursuant to 22 NYCRR 130-1.1a

                                    Matthew A. Blank

*Service of a copy of the within*                          *is hereby admitted*

*Dated:*

                                    *Attorneys for*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
--------------------------------------------------------X
PH INTERNATIONAL TRADING CORP. D/B/A
HANA K,

Index No.: 13504/06
Date Purchased: 7/24/06

      Plaintiff,

   -against-

NORDSTROM, INC.,

**RECEIVED**

JUL 24 2006

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

SUMMONS WITH NOTICE

The basis of venue is
Defendant's Principal Office

      Defendant.
--------------------------------------------------------X

To the above-named Defendant:

        You are hereby summoned and required to serve an answer to the complaint in this action, or if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: July 24, 2006

                  MATTHEW A. BLANK
                  Attorney for Plaintiff(s)
                  Office & P.O. Address
                  2 Crosfield Avenue
                  West Nyack, New York 10994
                  845-358-8880

Notice: The nature of this action is to recover damages for breach of contract.

The relief sought is a money judgment in the sum of $1,750,000.00

Upon your failure to appear, judgment will be taken against you by default in the sum of $1,750,000.00 with interest thereon from August 1, 2002 and the costs and disbursements of this action.

FROM: Elena Boutakova (212)894-8940
CT - New York SOP Team
111 Eighth Avenue
New York, NY 10011

TO: **Pat Jones (206)303-2541**
**Nordstrom, Inc.**
**1700 - 7th Avenue**
**Suite 700**
**Seattle, WA 98101**
Ref: SOP/0101900/512749969/Elena Boutakova



FedEx Revenue Barcode

CAD#: 6278166
SHIP DATE: 02NOV07
WEIGHT: 1 LB

DELIVERY ADDRESS (FedEx-EDR)

TRK # 7988 0050 1272     FORM 0201

98101     -WA-US

**PRIORITY OVERNIGHT**

SEA

# XH LKEA

**MON**
A1
Deliver by:
05NOV07



CLS000607

EXHIBIT C

SILLS CUMMIS & GROSS P.C.
One Rockefeller Plaza
New York, New York 10112
(212) 643-7000
Attorneys for Defendant Nordstrom, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PH INTERNATIONAL TRADING CORP.,
D/B/A HANA K,

                    Plaintiff,

          v.

NORDSTROM, INC.,

                    Defendant.

Civil Action No.

## '07 CIV 10680

### NOTICE OF REMOVAL

## JUDGE KARAS

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant

Nordstrom, Inc. ("Nordstrom" or "defendant"), by and through its undersigned attorneys, hereby

removes the above-entitled action (the "Action") from the Supreme Court of the State of New

York, County of Westchester, Index No. 113504/06, in which it is now pending, to the United

States District Court for the Southern District of New York. The grounds for removal are, *inter*

*alia*, as follows:

1.      Upon information and belief, on or about July 24, 2006, plaintiff PH International

Trading Corp ("PH International" or "plaintiff") commenced the Action against defendant by

filing a Summons with Notice ("Summons") in lieu of a complaint in the Supreme Court of the

State of New York, County of Westchester, Index No. 13504/06. No other defendants are named in the Action.

2.     On or about November 2, 2007, plaintiff served the Summons on Nordstrom. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

3.     Defendant has not yet responded to the Summons and the time for doing so has not yet expired.

4.     Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over the action, in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Specifically:

a.     Upon information and belief, PH International is a corporation incorporated by the State of New York with its principal place of business in the State of New York.

b.     At all relevant times, Nordstrom was, and still is, a corporation incorporated by the State of Washington with its principal place of business in the State of Washington.

c.     According to plaintiff's Summons, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, in that plaintiff is alleging approximately $1.75 million in damages.

5.     Accordingly, pursuant to 28 U.S.C. §§ 1441 and 1446, the Action may be removed to this Court.

6.      Removal of this action is also proper under 28 U.S.C. § 1441(b) because no party properly joined and served as a defendant in this action is a citizen of New York, the state in which the action is brought.

7.      Pursuant to 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, defendant will give written notice to plaintiff and file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Westchester.

8.      Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit A is a copy of the Summons filed in the Action, which constitutes all process, pleadings, and orders served upon defendant in the Action.

9.      By filing this Notice of Removal, defendant expressly reserves and does not waive any defenses that may be available to it, including but not limited to, improper service of process, lack of personal jurisdiction, or lack of venue of this Court or the Court from which this action has been removed.

10.     Defendant is represented by the undersigned attorneys who certify, pursuant to Rule 11 of the Federal Rules of Civil Procedure, that the foregoing is true and correct.

WHEREFORE, defendant respectfully requests that the Action now pending against it in the Supreme Court of the State of New York, Westchester County, be removed from that court to

-3-

the United States District Court for the Southern District of New York, wherein it shall proceed

as an action originally commenced therein.

Dated: November 29, 2007

Respectfully submitted,

SILLS CUMMIS & GROSS P.C.
One Rockefeller Plaza
New York, New York 10112
Attorneys for Defendant Nordstrom, Inc.

By: _____
      Mark S. Olinsky
      Marc D. Youngelson

## CERTIFICATE OF SERVICE

I certify that I am over 18 years of age and not a party to this litigation and that on this date I caused a true copy of the foregoing Notice of Removal, and documents annexed thereto, to be served via facsimile and regular mail upon:

> Matthew A. Blank, Esq.
> 2 Crosfield Avenue
> West Nyack, New York 10994
> Counsel to Plaintiff

Dated:  November 29, 2007

By:_____
    Marc D. Youngelson, Esq.

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

PH INTERNATIONAL TRADING CORP. D/B/A
HANA K,

                                                        Plaintiff,

          -against-

NORDSTROM, INC.,

                                                        Defendant.

SUMMONS with NOTICE

MATTHEW A. BLANK

Attorney for Plaintiff

2 Crosfield Avenue
West Nyack, NY 10994
845 358-8880

Signature of Counsel pursuant to 22 NYCRR 130-1.1a

                                        Matthew A. Blank

*Service of a copy of the within*                    *is hereby admitted.*

*Dated:*

                                        *Attorneys for*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------X
PH INTERNATIONAL TRADING CORP. D/B/A
HANA K,

Index No.: 13504/06
Date Purchased: 7/24/06

       Plaintiff,

   -against-

NORDSTROM, INC.,

**SUMMONS WITH NOTICE**

The basis of venue is
Defendant's Principal Office

       Defendant.
-------------------------------------------------------------X

RECEIVED

JUL 24 2006

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

To the above-named Defendant:

         You are hereby summoned and required to serve an answer to the complaint in this action, or if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: July 24, 2006

                MATTHEW A. BLANK
                Attorney for Plaintiff(s)
                Office & P.O. Address
                2 Crosfield Avenue
                West Nyack, New York 10994
                845-358-8880

Notice: The nature of this action is to recover damages for breach of contract.

The relief sought is a money judgment in the sum of $1,750,000.00

Upon your failure to appear, judgment will be taken against you by default in the sum of $1,750,000.00 with interest thereon from August 1, 2002 and the costs and disbursements of this action.

SILLS CUMMIS & GROSS P.C.
One Rockefeller Plaza
New York, New York 10112
(212) 643-7000
Attorneys for Defendant Nordstrom, Inc.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

| | |
|---|---|
| PH INTERNATIONAL TRADING CORP. D/B/A HANA K, | *(Civil Action)* Index No. 13504/06 |
| Plaintiffs, | |
| - v - | **NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT** |
| NORDSTROM, INC., | |
| Defendant. | |

TO:   Clerk, Supreme Court of New York
      111 Dr. Martin Luther King Jr. Blvd
      White Plains, NY 10601

PLEASE TAKE NOTICE that on November 29, 2007, defendant Nordstrom, Inc., by and

through its undersigned attorneys, filed with the Clerk of the United States District Court for the

Southern District of New York ("District Court") a Notice of Removal of the above-entitled

action ("Action"), effecting the removal of the Action to the District Court pursuant to 28 U.S.C.

§§ 1332, 1441 and 1446. A copy of the Notice of Removal is attached hereto as Exhibit A.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the filing of

the Notice of Removal in the District Court, together with the giving of written notice thereof to

plaintiff and the filing of this Notice with the Court, effects removal of this Action, such that this Court may proceed no further with this Action unless and until it is remanded.

Dated:  November 29, 2007

Respectfully submitted,

SILLS CUMMIS & GROSS P.C.
One Rockefeller Plaza
New York, New York 10112
Attorneys for Defendant Nordstrom, Inc.

By: _____
Mark S. Olinsky
Marc D. Youngelson

## CERTIFICATE OF SERVICE

I certify that I am over 18 years of age and not a party to this litigation and that on this

date I caused a true copy of the foregoing Notice of Filing of Notice of Removal to Federal

Court, and documents annexed thereto, to be served via facsimile and regular mail upon:

> Matthew A. Blank, Esq.
> 2 Crossfield Avenue
> West Nyack, New York 10994
> Counsel to Plaintiff

Dated: November 29, 2007

By:_____
          Marc D. Youngelson, Esq.

-3-

EXHIBIT D

# Marc Youngelson

| | |
|---|---|
| **From:** | NYSD_ECF_Pool@nysd.uscourts.gov |
| **Sent:** | Monday, January 07, 2008 10:28 AM |
| **To:** | deadmail@nysd.uscourts.gov |
| **Subject:** | Activity in Case 7:07-cv-10680-KMK PH International Tranding Corp. v. Nordstrom, Inc. Complaint |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

## U.S. District Court

## United States District Court for the Southern District of New York

## Notice of Electronic Filing

The following transaction was entered on 1/7/2008 at 10:27 AM EST and filed on 1/7/2008

| | |
|---|---|
| **Case Name:** | PH International Tranding Corp. v. Nordstrom, Inc. |
| **Case Number:** | 7:07-cv-10680 |
| **Filer:** | PH International Tranding Corp. |
| **Document Number:** | 4 |

**Docket Text:**
**COMPLAINT against Nordstrom, Inc.Document filed by PH International Tranding Corp. (fk)**

**7:07-cv-10680 Notice has been electronically mailed to:**

Matthew Alan Blank  mcjsn@aol.com

Mark Steven Olinsky  molinsky@sillscummis.com

Marc David Youngelson  myoungelson@sillscummis.com

**7:07-cv-10680 Notice has been delivered by other means to:**

Allen J. Kozupsky
Allen J. Kozupsky, Esq.
672C Heritage Hills
Somers, NY 10589

The following document(s) are associated with this transaction:

**ALLEN J. KOZUPSKY, ESQ.**
Allen Kozupsky (AK-7851)
672C Herritage Hills
Somers, New York 10589
914-277-2823

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------------X          Civil Action No.:
                                                                                       07 CV 10680 (KMK)

P.H. INTERNATIONAL TRADING CORP. d/b/a HANA K,

                                                                      Plaintiff,

    -against-

NORDSTROM, INC.                                                                        **JURY DEMANDED**

                                                                      Defendant.
--------------------------------------------------------------------------X

## COMPLAINT

    Plaintiff P.H. International Trading Corp. d/b/a Hana K, complaining of Defendant,

Nordstrom, Inc. by Allen J. Kozupsky, its attorney, respectfully alleges:

### The Parties

    1.    Plaintiff P.H. International Trading Corp. d/b/a Hana K (hereafter "Hana K"

or Plaintiff) is a corporation of the State of New York, with offices located in New York, New York.

Hana K is a manufacturer and distributor of high quality leather, fur and sheerling outerwear.

    2.    Upon Information and belief, defendant Nordstrom, Inc., (hereafter

"Nordstrom" or Defendant) is a corporation of the State of Washington licensed to transact business

in the State of New York.  Nordstrom is a retail merchant of goods and wares, including leather, fur

and/or sheerling outerwear.

-1-

### Jurisdictional Statement

5.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332(a).

6.      Venue is proper pursuant to 28 U.S.C. §§1391.

### Allegations Relevant To All Claims

7.      Upon information and belief, and at all times hereinafter mentioned, "Rick" Boniakowski ("Boniakowski") was an officer, agent, buyer and/or employee of Nordstrom.

8.      That from 1996 through 2002, Hana K and Nordstrom engaged in a business relationship whereby Hana K sold high quality leather, fur and sheerling outerwear designed, and manufactured specifically for Nordstrom.

9.      Upon information and belief, and at all times hereinafter mentioned, Boniakowski was authorized to place orders on behalf of Nordstrom for certain merchandise, including but not limited to leather, fur and shearling garments.

### COUNT I
#### (*Breach of Contract*)

10.     Plaintiff repeats and realleges each and every allegation contained in ¶¶1 through 9 as though fully set forth herein.

11.     That during 2002, Boniakowski, on behalf of Nordstrom, placed orders for leather and shearling garments with Hana K, the "Boniakowski Order".

12.     That Boniakowski Order was placed by Nordstrom in the same and usual manner in accordance with the prior dealings between the parties and/or industry standards.

13.     That Hana K specifically manufactured the garments called for by the Boniakowski Order.

14.     That after the Boniakowski Order had been manufactured by Hana K, Nordstrom notified Hana K that it was cancelling the Boniakowski Orders.

15.     That Nordstrom's cancellation of the Boniakowski Order was due to no fault of Hana K.

16.     That Nordstrom willfully and without any cause, reason or provocation, cancelled the Boniakowski Order.

17.     That the resulting dollar value of the Boniakowski Order placed with Hana K on behalf of Nordstom totaled over $1,750,000.00.

18.     That as a result of Nordstrom cancelling the Boniakowski Order, Hana K has been damaged in an amount to be determined at trial, but believed to be in excess of $1,750,000.00.

19.     That as a result of the wilful actions on the part of Nordstrom, Plaintiff Hana K is entitled to exemplary damages in excess of One Million Dollars ($1,000,000.00).

## COUNT II

### *(Alternative Cause of Action for Breach of Contract)*

20.     Plaintiff repeats and realleges the contents ¶1 through ¶19 as though fully set forth herein.

21.     That from on or about March, 2002 through June, 2002, Boniakowski, on behalf of Nordstrom, placed orders for leather and shearling garments with Hana K ("Order1").

22.     That the dollar value of Order1 placed by Nordstom totaled over $750,000.00.

-3-

23.  That Order1 was placed by Nordstrom in the same and usual manner in accordance with the prior dealings between the parties and/or industry standards.

24.  That Hana K specifically manufactured the garments called for by the Order1.

25.  That after Order1 had been manufactured, Nordstrom, notified Hana K that it was cancelling Order1.

26.  That Nordstrom's cancellation of Order1 was due to no fault of Hana K.

27.  That Nordstrom willfully and without any cause, reason or provocation, cancelled Order1.

28.  That as a result of Nordstrom cancelling Order1, Hana K has been damaged in an amount to be determined at trial, but believed to be in excess of $750,000.00.

29.  That as a result of the wilful actions on the part of Nordstrom, Plaintiff Hana K is entitled to exemplary damages in excess of One Million Dollars ($1,000,000.00).

## COUNT III
### *(Alternative Cause of Action for Breach of Contract)*

30.  Plaintiff repeats and realleges the contents ¶1 through ¶29 as though fully set forth herein.

31.  That in addition to manufacturing the goods called for by Order1, Hana K, as was customary in the industry and in accordance with the prior dealings of the parties, manufactured additional goods specific to Nordstrom ("Order2").

-4-

32.　That the purpose of Order2 was to assure that Nordstrom would not run out of stock of Order1 garments.

33.　That Order2 was made with the express knowledge and consent of Nordstrom.

34.　That the dollar value of Order2 totaled over $1,000,000.00.

35.　That Hana K manufactured the merchandise called for by Order2.

36.　That despite due demand, Nordstrom willfully and without any cause, reason or provocation refused to pay for Order2.

37.　That as a result of the foregoing, Hana K has been damaged in an amount to be determined at trial, but believed to be in excess of $1,000,000.00.

38.　That as a result of the wilful actions on the part of Nordstrom, Plaintiff Hana K is entitled to exemplary damages in excess of One Million Dollars ($1,000,000.00).

WHEREFORE, Plaintiff P.H. International Trading Corp. d/b/a Hana K demands judgment against Nordstrom, Inc. as follows:

On Count One, that Plaintiff recover from Defendant damages in a sum not presently known but reasonably believed to be in excess of One Million Seven Hundred Fifty Thousand Dollars ($1,750,000.00).

On Count Two, that Plaintiff recover from Defendant damages in a sum not presently known but reasonably believed to be in excess of Seven Hundred Fifty Thousand Dollars ($750,000.00).

On Count Three, that Plaintiff recover from Defendant damages in a sum not presently known but reasonably believed to be in excess of One Million Dollars ($1,000,000.00).

On all Counts, exemplary damages in excess of One Million Dollars ($1,000,000.00), together with reasonable attorneys' fees, the costs and disbursements of this action and interest as is appropriate and as this Court allows.

ALLEN J. KOZUPSKY, ESQ.
Attorney for Plaintiff

By: Allen Kozupsky (AK-7851)
672C Heritage Hills
Somers, New York 10589
914-277-2823

Dated: January 2, 2008

EXHIBIT E

**/ard, Monica**

| | |
|---|---|
| From: | Ward, Monica |
| Sent: | Wednesday, September 11, 2002 1:24 PM |
| To: | 'hanak@concentric.net' |
| Cc: | Stein, Lori; Babcock, Tracy; Hadac, Karen |
| Subject: | Nordstrom confirmation |

Contacts:          Hana and Pierre Lang

Pierre and Hana,

It was nice speaking with you Monday and I appreciate your time
to share with me your business relationship with Mr. Sorio.

Per our conversation today, PO 10420647 has not be activated as an approved order in
our system. This PO was faxed to you prior to an authorized signature. Thank you for
taking the time Friday to review styles with Tracy Babcock and Lori Stein.

Regards,
Monica Ward
Nordstrom
VP/CMM Bridge Apparel
206-373-4626

**EXHIBIT F**

# NORDSTROM

October 1, 2002

VIA FACSIMILE (312) 280-8177

Mr. Pierre Lang
Hana K Fashions, Inc.
512 7th Avenue
New York, New York 10018

Re: Purchase Worksheet #10420647

Dear Pierre,

As you know, a former Nordstrom buyer submitted the above referenced worksheet to your company with the prospect of placing an order with your company. Nordstrom subsequently learned that this buyer was not following Nordstrom's policies and procedures as they relate to the proper confirmation of a Nordstrom purchase order. For this reason, Nordstrom does not consider this to be a confirmed or valid purchase order.

Nonetheless, in the interest of continuing our business relationship of six years, we have elected to place a new order with your company under purchase order number 10475297, which is a confirmed and valid purchase order.

Please do not hesitate to call me if you have any questions regarding our new order. Thank you.

Regards,
NORDSTROM, INC.

*Monica M. Ward*

Monica M. Ward
Vice President and
Corporate Merchandise Manager

Mr. Pierre Lang
October 1, 2002
Page 2


bcc:    N. Claire Chapman *via hand delivery*
        D. Wayne Gittinger *via facsimile*
        David L. Mackie *via hand delivery*
        Pete E. Nordstrom *via facsimile*
        Jayne M. Schiller *via hand delivery*

EXHIBIT G



# NORDSTROM

CONFIDENTIAL

\*\*\* COVER SHEET \*\*\*

> Number of pages (including this page): 4

To:         Sheryl Garland *(via: facsimile, original by mail)*
Company:    Nordstrom, Inc.
Phone:      (206) 303-4412
Facsimile:  (206) 303-2789

cc:         Wayne Gittinger *(via: facsimile)*
Company:    Lane Powell PC
Phone:      (206) 223-7053
Facsimile:  (206) 223-7107

cc:         Dave Mackie *(via: hand delivery)*
Company:    Nordstrom, Inc.
Phone:      (206) 303-4401
Facsimile:  (206) 303-4419

From:       Pat Jones
            Real Estate & Corporate Secretary Office
            Nordstrom, Inc.
            1700 Seventh Avenue
            Seattle, Washington  98101
            (206) 303-2541 ph
            (206) 303-4419 fx

Date:       February 16, 2005

Re:         PH International Trading Corp. dba Hana K

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Comments: Hi Sheryl- this was sent to #803 (1617 Sixth Avenue) and inter-store mailed

to our office.  The ten day response period is coming up.

*The information contained in this message is intended only for the addressee or addressee's agent. The message may contain information that is privileged, confidential, or otherwise exempt from disclosure. If the reader of this message is not the intended recipient or recipient's authorized agent, then you are notified that any dissemination, distribution or copying of this message is prohibited. If you have received this message in error, please notify the sender by telephone and return the original and any copies of this message by mail to sender at the address stated above.*

Feb-16-2005  13:34    From-Real Estate and Corporate Secretary    +206 303 4419    T-113  P.002/004  F-018

ERROL BLANK
ATTORNEY AT LAW
CENTEROCK EAST
2 CROSFIELD AVENUE
WEST NYACK, NEW YORK 10994

TELEPHONE: (845) 356-5580

FACSIMILE: (845) 353-1998

February 8, 2005

Nordstrom
1617 Sixth Avenue
Seattle, WA 98101-1742

Re: PH International Trading Corp.
Purchase Order No. 10420647
File No. 424-040

Gentlemen:

This office represents PH International Trading Corp. which does business under the "Hana K" trade name. The following information has been furnished by our client together with documentary evidence in support thereof:

Hana K is engaged in the sale and distribution of high quality outerwear. Many of its garments were specifically designed for and sold exclusively to Nordstrom. Hana K commenced selling such garments to Nordstrom in or about 1995 and from that time until the events described below the parties enjoyed a respectful and mutually beneficial relationship.

The course of dealing which evolved and was followed with respect to the sale of garments was that each year Nordstrom's national fur buyer would view Hana K's new sample collection of garments in Hana K's showroom. The buyer would make selections from those garments, a purchase order would be issued and Hana K would immediately proceed to fill the order. The garments would be manufactured and the completed garments delivered to Nordstrom stores in accordance with the purchase order. This is the sequence of events followed by the parties throughout the course of their relationship. For reasons which were never adequately explained to Hana K and which to this day are not understood, the foregoing procedure was stopped by Nordstrom after the purchase order was placed in 2002.

In August 2002, as had been done for the previous six years, the same Nordstrom national fur buyer, who had previously ordered from Hana K, came to their showroom to view the following year's styles. Specified garments were ordered by the buyer. A purchase order for those garments (#10420647) and confirmation of the order were issued from Nordstrom's main buying office. As a result of that order, Hana K, as was customary and necessary to

Feb-16-2005 13:34    From-Real Estate and Corporate Secretary    +206 303 4419    T-113  P.003/004  F-016

ERROL BLANK
ATTORNEY AT LAW

Nordstrom
February 8, 2005
Page Two

have the goods delivered on time, acted immediately to have the goods manufactured. All of those garments were thereafter manufactured according to the order.  Despite Hana K's compliance with its obligations in accordance with the order and the six year course of dealings between the parties, Nordstrom, without cause or justification, abrogated its commitment.

Approximately three weeks before the scheduled delivery, Nordstrom repudiated its obligations under the order. As a result none of the garments covered by the order were paid for by Nordstrom. Nordstrom's repudiation of its obligations was legally unjustified and in violation of its obligations to Hana K.  As a direct result thereof Hana K has sustained damages in the sum of $1,893,140.00 demand for which is hereby made.

If you wish to resolve this matter prior to the institution of litigation, please contact the undersigned upon receipt of this letter. Your failure to respond within ten days from the date hereof will lead to the conclusion that you have no such desire, in which event legal action will be instituted to recover all damages sustained.

Very truly yours,

ERROL BLANK

EB:am
cc. PH International Trading Corp.



R-2/8/05

Legal

Nordstrom
1617 Sixth Avenue
Seattle, WA 98101-1742

Rec'd
2/16/05
Via inter-store
mail

ERROL BLANK
ATTORNEY AT LAW
CENTEROCK EAST
2 CROSFIELD AVENUE
WEST NYACK, NEW YORK 10994