UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PH INTERNATIONAL TRADING CORP., D/B/A HANA K, <br><br> Plaintiff, <br><br> v. <br><br> NORDSTROM, INC., <br><br> Defendant. | Civil Action No. 07-10680 (KMK) |

REPLY MEMORANDUM OF LAW OF NORDSTROM, INC. IN FURTHER SUPPORT OF
MOTION TO DISMISS COMPLAINT AS BARRED BY THE STATUTE OF LIMITATIONS

SILLS CUMMIS & GROSS P.C.
Mark S. Olinsky
Marc D. Youngelson
One Rockefeller Plaza
New York, NY 10020
(212) 643-7000
Attorneys for Defendant Nordstrom, Inc.

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I.     PH INTERNATIONAL'S CONCEDED LACK OF DILIGENCE AND LONG DELAY MANDATE DISMISSAL UNDER NEW YORK LAW .................................... 2

    A.     PH International Is Guilty of Utter Lack of Diligence ........................................ 2

    B.     A Long Delay Passed Before Nordstrom Received Notice of the Action ............. 5

II.     THE OTHER § 306-b FACTORS CANNOT OVERCOME PH INTERNATIONAL'S LACK OF DILIGENCE AND LONG DELAY ..................... 6

    A.     PH International Does Not Have a Meritorious Claim. ......................................... 6

    B.     Nordstrom Would Suffer Greater Harm than Plaintiff Were the Action to Proceed ................................................................................................................ 8

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page**

**CASES**

Carluzzo v. Aly,
  2005 N.Y.Slip. Op. 51380U, 806 N.Y.S.2d 444 (Sup. Ct. 2005)......................................2

Estate of Jervis v. Teachers Ins. and Annuity Ass'n,
  279 A.d.2d 367, 720 N.Y.S.2d. 21 (1st Dep't 2001)......................................6

Fiel v. Schneyer,
  2006 N.Y. Slip Op. 7696, 823 N.Y.S.2d 213 (2d Dep't 2006)......................................2

Mead v. Singleman,
  24 A.D.3d 1142, 806 N.Y.S.2d 783 (3d Dep't 2005)......................................5

Meusa v. BMW Fin. Svcs.,
  2006 N.Y. Slip. Op. 6396, 821 N.Y.S.2d 108 (1st Dep't 2006)......................................2, 4

Moulden v. White,
  45 A.D.3d 1495, 846 N.Y.S.2d 836 (4th Dep't 2007)......................................4

Ortiz v. Malik,
  25 A.D.3d 560, 824 N.Y.S.2d 736 (2d Dep't 2006)......................................5

Pecker Iron Works, Inc. v. Namasco Corp.,
  37 A.D.3d 367, 830 N.Y.S.2d 548 (1st Dep't 2007)......................................9

Slate v. Schiavone Constr. Co.,
  4 N.Y.3d 816 (2005)......................................Passim

Wilkins v. Burgess,
  2006 N.Y. Slip. Op. 651, 807 N.Y.S.2d 574 (2d Dep't 2006)......................................2

Williams v. Nassau County Med. Ctr.,
  6 N.Y.3d 531 (2006)......................................9

Yardeni v. Manhattan Eye, Ear and Throat Hosp.,
  9 A.D. 3d 296, 780 N.Y.S. 2d 140 (1st Dept 2004)......................................5, 9

**STATUTES**

CPLR § 306-b ......................................passim

## PRELIMINARY STATEMENT

PH International's papers concede every substantive point supporting Nordstrom's motion to dismiss. Specifically, plaintiff admits that (i) it did not timely serve its initial Summons with Notice upon Nordstrom; (ii) because it did not act diligently, it is not entitled to an extension of time to serve under the good cause branch of CPLR § 306-b; and (iii) were the Court to dismiss the Action, plaintiff's claim would be time-barred. PH International instead asks for an extension under the interest of justice standard set forth in § 306-b. Quite simply, the New York Court of Appeals has held that such extreme lack of diligence and long delay means that a plaintiff is not entitled to an extension of time to serve in the interest of justice.

PH International's "blame the lawyer" excuse for its own delay and lack of diligence does not satisfy the interest of justice standard. During the 15 months following its commencement of the Action, PH International simply did nothing to prosecute its claims, or to confirm that its attorney was doing so. In fact, plaintiff knew exactly what needed to be done to protect its rights, yet failed to ensure those steps were taken.

Plaintiff's remaining arguments do not tip the interest of justice analysis in its favor. First, plaintiff has not established a meritorious claim; at best, sharp factual disputes exist. Second, that plaintiff's lack of diligence and delay would bring the statute of limitations bar upon it is insufficient, by itself, to justify an extension. If it were, the statute would lose all meaning.

Finally, New York law provides that Nordstrom need not demonstrate prejudice. Prejudice may be legally inferred, and, in any case, the prejudice to Nordstrom is both plain and substantial. Memories of key events, which took place six years ago (or longer), have faded; important witnesses no longer work at Nordstrom; and documents concerning Nordstrom's

historical relationship with plaintiff, which date back to 1997, may not exist. Allowing plaintiff to revive its stale claim would significantly prejudice Nordstrom's ability to defend on the merits. The statute of limitations exists precisely to protect litigants from such prejudice.

Accordingly, plaintiff's claim should be dismissed as time-barred.

## ARGUMENT

### I.  PH INTERNATIONAL'S CONCEDED LACK OF DILIGENCE AND LONG DELAY MANDATE DISMISSAL UNDER NEW YORK LAW

As explained in Nordstrom's opening papers, the New York Court of Appeals has held that it is an abuse of discretion to extend the time to serve under § 306-b's interest of justice standard where, as here, there is an "extreme lack of diligence shown by plaintiff" and a "long delay." Slate v. Schiavone Constr. Co., 4 N.Y.3d 816, 817 (2005). Numerous cases subsequent to Slate confirm the paramount importance of lack of diligence and long delay in the interest of justice analysis. See Nordstrom Br. at 12 n.2 (citing cases); see also Carluzzo v. Aly, 2005 N.Y.Slip. Op. 51380U, *3, 806 N.Y.S.2d 444 (Sup. Ct. 2005) ("lack of diligence is a significant" factor in the interest of justice analysis); Meusa v. BMW Fin. Svcs., 2006 N.Y. Slip. Op. 6396, *2, 821 N.Y.S.2d 108, 109 (1st Dep't 2006) (citing Slate); Fiel v. Schneyer, 2006 N.Y. Slip Op. 7696, *1, 823 N.Y.S.2d 213, 214 (2d Dep't 2006) (citing Slate); Wilkins v. Burgess, 2006 N.Y. Slip. Op. 651, 807 N.Y.S.2d 574, (2d Dep't 2006) (citing Slate).

### A.  PH International Is Guilty of Utter Lack of Diligence.

Here, PH International concedes its extreme lack of diligence, even though it was represented by two attorneys when it commenced the Action. (Opp. Br. at 14 ("Hana K cannot show this diligence") (emphasis added).) Under Slate, this concession, together with plaintiff's long delay, mandates dismissal.

2

Indeed, the facts of Slate are strikingly similar to the facts here. In that case, plaintiff effected improper service on defendant because plaintiff's second attorney relied on an incorrect address obtained from prior counsel. 780 N.Y.S.2d 567, 568-69. Counsel and plaintiff believed "all was in order," apparently because the process server provided an "affidavit indicating that personal service had been made." Id. at 569. Thereafter, plaintiff did virtually nothing to prosecute its claims, except to send one certified letter to defendant regarding a default (which was returned unsigned), and, fourteen months after its insufficient service, to seek a default judgment. Id. at 568.

Here, like the Slate plaintiff, PH International believed that "all was in order" with respect to serving Nordstrom because Moneesh Bakshi ("Bakshi"), its second attorney, provided vague, undocumented assurances to that effect. Thereafter, unlike the Slate plaintiff, PH International did nothing whatsoever to prosecute its claims during the fifteen month period between the time the Action was commenced (July 24, 2006) and the time that late service upon Nordstrom eventually was effected (November 2, 2007).

Plaintiff failed to act diligently even though it knew exactly what was necessary to preserve its rights. Specifically, PH International knew, in September 2002, that Nordstrom believed that plaintiff's claim had no merit. (Lang Aff. ¶ 6, Ex. B; Youngelson Cert. Ex. E.) PH International also knew that filing an action against Nordstrom was necessary "in order to protect the statute of limitations from running." (Lang Aff. ¶ 9.) Finally, plaintiff knew that it was necessary to "serve process [upon Nordstrom and] file proof of same with the Court." (Id. ¶ 10.)

Despite this knowledge, and the urgency of its claim, PH International accepted the unspecified assurances from Bakshi – a new attorney with whom it was unfamiliar – that the

3

"case was moving along smoothly." PH International apparently never asked whether proof of service had been filed, even though it knew that was required, and, plainly, never received such proof. Plaintiff also apparently never questioned the lack of further documentation in the matter, such as an answer or discovery demands. It also never sought to engage in further discussions regarding its claims with Nordstrom after the Action was filed. In other words, PH International acted less diligently than the Slate plaintiff, which at least (i) had an (incorrect) affidavit of service to rely upon, and (ii) sought to contact defendant by certified mail.

Plaintiff attempts to excuse its lack of diligence by claiming that it was a "victim of fraud" by Bakshi, the attorney it retained to replace counsel who commenced the Action. (Opp. Br. at 10.) According to plaintiff, Bakshi somehow "lied about serving process upon Nordstrom" (id.), and, moreover, continued to lie to plaintiff by stating that "case was moving along smoothly." (Lang Aff. ¶ 11.) PH International has missed the point.

PH International offers no specifics in support of its vague and conclusory allegations regarding Bakshi's alleged fraud. New York law is clear that a "conclusory allegation of 'law office failure'" as an explanation for not effecting timely service cannot overcome a plaintiff's extreme lack of diligence and long delay under the interest of justice analysis. Meusa, 821 N.Y.S.2d at 109 (reversing grant of extension); see also Moulden v. White, 45 A.D.3d 1495, 1496, 846 N.Y.S.2d 836, 837 (4th Dep't 2007) ("multiple law office failures could not serve as a basis for granting plaintiff an extension of time in which to serve defendants in the interest of justice pursuant to CPLR 306-b").

PH International also attempts to distinguish Slate and other cases denying extensions where failure to serve occurred due to purported "law office failure" because plaintiff here

allegedly was the "victim" of intentional fraud by its attorney, as opposed to simple negligence or inadvertence. Simply put, as Slate and subsequent cases make clear, the proper analytical focus belongs upon PH International's total failure diligently to effect service and to pursue its claims in the Action, not upon the purported "fraud" of its attorney.

Finally, even after discovering Bakshi's alleged misconduct, PH International failed to move for an extension at any time prior to Nordstrom's motion to dismiss. Mead v. Singleman, 24 A.D.3d 1142, 1144, 806 N.Y.S.2d 783, 785-86 (3d Dep't 2005) ("mov[ing] for an extension before the 120-day time period expired . . . may be seen as an indication of diligence"); see also Yardeni v. Manhattan Eye, Ear and Throat Hosp., 9 A.D. 3d 296, 297, 780 N.Y.S. 2d 140, 141 (1st Dept 2004) (failure to cross move until after motion to dismiss). Recognizing its error, PH International belatedly requested permission to file a cross-motion for an extension (after filing its opposition papers), which further highlights plaintiff's lack of diligence.

**B.   A Long Delay Passed Before Nordstrom Received Notice of the Action.**

PH International also concedes the long delay before Nordstrom received notice of the Action. (Opp. Br. at 10 ("there was an approximately eleven month delay in serving process," measured from the expiration of the 120 day service period).) PH International's accusation that Nordstrom sought to mislead the Court as to the length of PH International's delay is puzzling. (Id. at 11 n.4.) In Slate, the Court referred to a delay of approximately eighteen months between the running of the statute of limitations and the time by which defendant received notice of the action. Slate, 4 N.Y.3d at 817. In Ortiz, the Second Department referred to a delay of approximately fourteen months between the filing of the action and the time by which defendant received notice of the action. Ortiz v. Malik, 25 A.D.3d 560, 560, 824 N.Y.S.2d 736, 736 (2d

5

Dep't 2006). Finally, in Jervis – cited by PH International and Nordstrom – the First Department referred to an "unacceptably protracted" delay measured from the expiration of the 120 day period for service. Estate of Jervis v. Teachers Ins. and Annuity Ass'n, 279 A.d.2d 367, 368, 720 N.Y.S.2d. 21, 22 (1st Dep't 2001). Here, PH International did not serve Nordstrom until November 2, 2007 – almost a full year past the 120 day deadline (November 21, 2006), approximately thirteen months after the statute of limitations expired, and more than fifteen months after the Action was commenced. That is a "long" delay in providing notice of the Action under any of the measuring sticks applied by New York courts.

In sum, PH International's conduct has not been that of an interested, sophisticated corporate litigant seeking to recover for actions that, according to Mr. Lang, "have almost ruined Hana K." (Lang Aff. ¶ 15.) Further, plaintiff's claim of "law office failure" as an excuse for its own total lack of diligence is insufficient to justify an interest of justice extension. Under Slate and the cases that have enforced its holding, PH International's admitted lack of diligence and long delay are sufficient, by themselves, to justify granting Nordstrom's motion and dismissing plaintiff's complaint.

## II.  THE OTHER § 306-b FACTORS CANNOT OVERCOME PH INTERNATIONAL'S LACK OF DILIGENCE AND LONG DELAY

### A.  PH INTERNATIONAL DOES NOT HAVE A MERITORIOUS CLAIM.

PH International also argues that the "meritorious" nature of its claim warrants denial of Nordstrom's motion. (Opp. Br. at 8.) Plaintiff concedes that the question of merit is "but one factor" in the interest of justice analysis. (Id.) As explained above, a plaintiff's extreme lack of diligence and long delay – both of which are admitted here – outweigh even a truly meritorious claim. Here, the "merits" of plaintiff's claim at best are dubious.

6

Initially, PH International asserts that Nordstrom "does not even address" the purportedly "uncontested facts" underlying plaintiff's claim. (Opp. Br. at 8.) Not so. Since 2002, Nordstrom consistently has maintained that the document PH International claimed was a purchase order was not an "approved order," both in its communications with plaintiff and this Court.[1] (Youngelson Cert. Exs. E and F.)

To be clear, if this Action proceeds, and by way of proffer, Nordstrom anticipates establishing the following:

- Nordstrom first learned of plaintiff's purported order in or about September 2002;

- Nordstrom promptly investigated and, on September 11, 2002, advised plaintiff that the document PH International referred to as "PO #10420647" (the "worksheet") was not "an approved order;"

- On October 1, 2002, Nordstrom again confirmed that the worksheet was never properly confirmed as a "Nordstrom purchase order;"

- The worksheet references goods with a total cost of $116,395;

- Contrary to plaintiff's assertion, the worksheet was not "placed in the same manner that all prior orders from Nordstrom had been placed;"

- On October 1, 2002, in the interest of resolving PH International's concerns about the worksheet, and in the interest of continuing to do business together, Nordstrom replaced the worksheet with Purchase Order #10475297 (the "Replacement Order"); and

- In 2002, PH International never claimed that the worksheet was for goods totaling $1.75 million, as alleged in its complaint, or even for $750,000, the amount identified in Exhibit A to Mr. Lang's affidavit.

---

[1] Because the Action has not even reached the stage where Nordstrom is required to file its answer, Nordstrom should not be criticized for not yet establishing its factual defenses.

7

(Youngelson Cert. Exs. E-F; Certification of Marc D. Youngelson, Esq., executed on June 6, 2008 ("Second Cert."), ¶¶ 5, Exs. A-B.)

For its part, plaintiff submits only a handwritten "summary" of the worksheet (not the worksheet itself), which is not consistent with the $116,395 of goods referenced in the worksheet. (Compare Lang Aff. Ex. A and Second Cert. Ex. A.) Further, plaintiff provides no documents or testimony in support of its contention that it "rejected" the Replacement Order. In fact, Nordstrom partially paid for goods under the Replacement Order. (Second Cert. Ex. C.)

PH International has not demonstrated a "meritorious" claim. At minimum, sharp factual disputes exist concerning the merits of this claim. Under the interest of justice analysis, the tenuous nature of plaintiff's claim is insufficient to overcome plaintiff's admitted extreme lack of diligence and long delay.

**B.   Nordstrom Would Suffer Greater Harm than Plaintiff Were the Action to Proceed.**

PH International argues that the expiration of the statute of limitations, which would bar the re-filing of its claim were Nordstrom's motion granted, "requires" the denial of Nordstrom's motion. (Opp. Br. at 7.) That is not the law. As Slate makes clear, plaintiff's extreme lack of diligence and long delay outweigh the fact that plaintiff's stale claim would be barred on statute of limitations grounds. In short, the effect of the limitations bar is a self-inflicted wound.

Finally, PH International argues that "Nordstrom is not and will not be prejudiced by the denial of its motion." (Opp. Br. at 11.) According to plaintiff, "Nordstrom needs to show . . . the impairment of its ability to defend on the merits" as a result of PH International's admitted delay. (Id. at 11-12.) PH International also makes much of the fact that the parties discussed PH

International's claims prior to the start of the Action, apparently to suggest that Nordstrom cannot establish prejudice. (Id. at 12.) PH International is wrong.

The First Department has held that, under a § 306-b interest of justice analysis, a defendant need not claim (let alone establish) prejudice, even where that defendant had significant, pre-action negotiations with the plaintiff regarding its claims:

> While defendant did not claim prejudice in its motion to dismiss, we nevertheless affirm the dismissal of the complaint given no explanation for the failure to attempt timely service and the subsequent long delay . . . [even though] defendant and its experts reviewed plaintiff's claims for payment in the months before the action was filed . . . .

Pecker Iron Works, Inc. v. Namasco Corp., 37 A.D.3d 367, 368, 830 N.Y.S.2d 548, 548-49 (1st Dep't 2007). In other words, extreme lack of diligence and long delay are sufficient. Id.

Further, in Leader, the Court of Appeals held that "substantial prejudice" is to be inferred where, as here, a defendant has no notice of an action until it receives belated service. Leader, 97 N.Y.2d at 107; see also Yardeni, 9 A.D.3d at 297, 780 N.Y.S.2d at 141; Williams v. Nassau County Med. Ctr., 6 N.Y.3d 531, 539 n.3 (2006) (citing Leader). Plaintiff's suggestion that this inference somehow is improper has no legal basis. (Opp. Br. at 11.)

In any event, Nordstrom would be prejudiced substantially in its ability to defend on the merits as a result of plaintiff's long delay. Specifically, the events underlying PH International's claim that Nordstrom wrongly repudiated the alleged Order occurred nearly six years ago in 2002. Memories of key events undoubtedly have faded. The Nordstrom witnesses with knowledge of these events – Monica Ward, who initially advised PH International in September and October 2002 that the worksheet was not valid, and Rick Boniakowski, the buyer who

purportedly placed the alleged Order – are no longer employed by Nordstrom. There is no guarantee that these individuals will be willing, or available, to assist Nordstrom in its defense.

Further, the unfair prejudice caused by PH International's long delay is exacerbated by plaintiff's claim that the worksheet "order" "was placed in the same manner that all prior orders from Nordstrom had been placed." (Opp. Br. at 8.) Establishing the bona fides of this claim will require discovery of the parties' historical dealings, which date back to 1997 – far longer than Nordstrom reasonably should be expected to maintain documents or to be able to reconstruct the course of dealings between the parties.

In sum, Nordstrom need not claim, or establish, prejudice to succeed on its motion. Rather, such prejudice may be inferred, and, in any case, is plain.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in its initial papers, Nordstrom respectfully requests that the Court grant Nordstrom's motion and dismiss plaintiff's complaint with prejudice.

Dated:   June 6, 2008

                          SILLS CUMMIS & GROSS P.C.

                          By: _____
                              Mark S. Olinsky
                              Marc D. Youngelson

                          Sills Cummis & Gross P.C.
                          One Rockefeller Plaza
                          New York, NY 10020
                          Telephone: (212) 643-7000
                          Attorneys for defendant Nordstrom, Inc.