UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X   Civil Action No. 07-10680 (KMK)
PH INTERNATIONAL TRADING CORP.,
d/b/a HANA K,

                        Plaintiff,                    AFFIRMATION IN SUR-REPLY

    -against-

NORDSTROM, INC.

                        Defendant.
-----------------------------------------------------------X

                ALLEN J. KOZUPSKY, an attorney duly admitted to practice law before this Court, hereby affirms under penalty of perjury as follows:

                1.       I am the attorney for the plaintiff, PH International Trading Corp. d/b/a Hana K (hereinafter "Hana K" or Plaintiff).

                2.       For the sake of brevity and judicial economy, I ask that the court accept this affirmation, instead of a full brief, as Plaintiff's sur-reply[1] to the motion of the defendant, Nordstrom, Inc. (hereinafter "Nordstrom" or Defendant), which seeks dismissal of Plaintiff's action based upon New York Civil Practice and Rules section 306-b. This affirmation will address, and be limited to, specific issues raised by Defendant in its Reply Memorandum of Law.

Nordstrom's Prejudice is of Its Own Doing

                3.       Nordstrom basically claims that the reason why it is prejudiced by the delay in service is because two witnesses, Rick Boniakowski and Monica Ward, are no longer employees and may not be willing to assist Nordstrom in its defense.

---

[1] The Court has previously granted plaintiff permission to submit a sur-reply.

Perhaps not surprisingly, what Nordstrom fails to tell this court is that it fired Mr. Boniakowski in 2002, after the parties entered into the contract, but before Nordstrom wrongfully repudiated it.  Accordingly, Plaintiff's delay has no effect on Mr. Boniakowski's willingness or ability to testify.  Nevertheless, based upon simple inquiry, Plaintiff has learned that Mr. Boniakowski resides in the Chicago area.  Plaintiff plans to contact Mr. Boniakowski and take his deposition; by subpoena if necessary.  Defendant will, of course, be invited to participate in that event.  It is anticipated that Mr. Boniakowski will not only be able to provide testimony as to what actually transpired between the parties, but also be able to readily establish the parties' history and course of dealing; as Boniakowski was Nordstrom's national fur buyer, and the only person Hana K historically dealt with in placing its orders.  Accordingly, Defendant's concerns about Mr. Boniakowski and the history of these parties appears to be unwarranted.

        4.  With regard to Ms. Ward, Plaintiff does not know when she was last employed by Defendant.  However, it seems most curious that Nordstrom would not be able to locate one of its former corporate officers.  Notwithstanding, it is submitted that Ms. Ward's presence is actually unnecessary to the matter at bar.  For not only do the litigants have copies of all of Ms. Ward's correspondence, but also, Defendant's president and officers have full knowledge of what Ms. Ward knew.  Indeed, attached hereto as Exhibit A is a reprint of a July, 2006 e-mail from Blake Nordstrom to Plaintiff's president, Pierre Lang, wherein it is stated that:

> In addition, we also were able to connect with Monica Ward to review the details of that time period...[2]

---

[2] Apparently Mr. Nordsrom had no difficulty in locating Ms. Ward.

That Defendant's president was well aware of Plaintiff's claim and its intention to file suit cannot be (nor has it been) disputed. Based upon the above, it is again respectfully submitted that the feigned prejudices of the Defendant are far outweighed by those which would actually be suffered by the Plaintiff, should Defendant's motion be granted.

Hana K Was a Victim of Fraud

5. Given Plaintiff's former counsel's (Moneesh Bakshi) actions, it has no choice but to concede that it is unable to establish its right to deny Defendant's motion under the due diligence requirement of the "good cause" standard. Notwithstanding this concession, Defendant nevertheless implies that Plaintiff was not duped by its counsel. To support Plaintiff's version of events, this Court is directed to Exhibit B, annexed hereto, which sets forth a number of e-mails to/from Plaintiff and prior counsel, Matthew Blank. These e-mails unquestionably demonstrate Plaintiff's problems with Bakshi. One further point regarding Plaintiff's prior counsel- it is submitted that Plaintiff had every right to rely on its counsel's representations regarding the status of the litigation. In fact, I know of very few, if any, clients who do not do so.

Hana K's Failure to Move Does Not Constitute Lack of Diligence

6. While Defendant would have this Court believe that Hana K further exhibited a lack of diligence by failing to move this Court to allow late service, such a belief would be mistaken. The dismissal of a case based upon late service is not automatic. Indeed, had Defendant not raised the issue in its answer or by motion, it would have been waived. Given that fact, why would Plaintiff make the motion? So, rather than demonstrating a lack of diligence, it was instead, the proper action to take. Likewise, the failure to formally cross

move for the relief was merely an inadvertent oversight[3]; one which Plaintiff sought to rectify with the Court and which was brought to the attention of Defendant by Plaintiff- not the other way around.

7. As set forth in Plaintiff's Opposition Brief, the decision of this motion rests within the sole discretion of this Court. In that regard, it is believed that Plaintiff has effectively demonstrated that the interests of justice would best be served by denying Defendant's motion and granting Plaintiff's cross-motion.

WHEREFORE, it is respectfully requested that this Court enter an order denying Defendant's motion for dismissal in its entirety, granting Plaintiff's cross-motion permitting Plaintiff's late service of process be deemed filed *nunc pro tunc* and for such other and further relief as to this Court may deem just and proper.

Dated: Somers, New York
June 7, 2008

_____
ALLEN J. KOZUPSKY
Attorney for Plaintiff
672C Heritage Hills
Somers, New York 10589
914-277-2823

---
[3] Indeed, Plaintiff's papers requested appropriate relief, as if it had cross-moved.

4

# EXHIBIT A

**From:** Nordstrom, Blake [Blake.Nordstrom@nordstrom.com]
**Sent:** Monday, July 24, 2006 4:14 PM
**To:** pierre@hanak.com
**Subject:** Furs

Pierre,

I apologize for allowing so much time to go by without following up with you. The last correspondence you sent me indicated that you were assembling the inventory in question so that a representative from Nordstrom could view the merchandise.

I've been out of the country twice in the last month and I've also been traveling a great deal domestically. In spite of that, our team has been working here on our end trying to piece together what took place with the orders you referenced. Our general counsel has worked closely with our merchandising team and support areas to try and determine from the work orders you sent what took place and what is, in fact, merchandise that would be Nordstrom property or responsibility. In addition, we also were able to connect with Monica Ward to review the details of that time period and subsequently this investigation brings our people and general counsel to the same conclusion that there wasn't a valid purchase order, nor was the paperwork that you sent us indicative of a binding agreement.

I know your initial email to me was an effort on your part to try and find a resolution. Though at that time I was unfamiliar with what had taken place, I do believe from the information that has been shared with me that we are not responsible for this inventory that you claim is ours.

Respectfully,

Blake Nordstrom

# EXHIBIT B

**From:** Hana K Hinsdale [mailto:hanakhinsdale1@sbcglobal.net]
**Sent:** Saturday, May 05, 2007 9:58 PM
**To:** 'mbakshi@exec-counsel.com'
**Subject:** Pierre Lang / Hana K
**Importance:** High

Moneesh,

I have left you a number of messages. Would you please let me on what is going on?

PL

please reply to: pierre@hanak.com

Cell: 847-652-6880

================================================================================

From e-mail sent May 13, 2007 from Pierre Lang to Moneesh Bakshi

Moneesh,

Is it something I said? Should have said?

What will it take for you to return my calls?

PL

847-652-6880

================================================================================

**From:** mcjsn@aol.com [mailto:mcjsn@aol.com]
**Sent:** Tuesday, May 22, 2007 9:05 AM
**To:** hanakhinsdale1@sbcglobal.net
**Subject:** Matters

Pierre:

Got your messages today (having problems w/ phone). I have cc'd you on my e-mail to Moneesh (I did call him as we had discussed, but that too has gone unanswered. As for other counsel, give me a call in a day or so if you do not hear from Moneesh. My home # is 845-987-1376. That is usually the best way to get a hold of me.

Warmest regards,

Matt

================================================================================

On 10/2/07,

mcjsn@aol.com <mcjsn@aol.com> wrote:

Dear Pierre:

I received your gracious voice mail over the new year and I too hope all is going well for you and yours. I have been in contact with Alan Kozupsky a few times and sent him everything I had on computer for the Nordstrom matter. I hope he is able to obtain the physical file from Moneesh.

Speaking of Moneesh, I received a telephone call from Alan's daughter, Debra. She is also an attorney and is working on another case that I had unfortunately thought Moneesh was handling. She met with him today and you will be pleased to know that he supposedly claims to have never represented your interests and that you refused to sign a retainer agreement. He claims that he only dealt with you as a favor, so as to try to help me out. Truthfully, I don't know whether to laugh or scream about that (though it definitely demonstrates what type of person he is). Unfortunately, I did not keep the e-mails to him begging him for him to contact either myself or you. I know you wrote e-mails as well- did you keep a copy of them?

Any way, would love to get together when you are in the NY area. Let me know.

Send my love to your family,


Matt

## CERTIFICATE OF SERVICE

I Certify that I am over 18 years of age and not a party to this litigation and that on this date, I caused a true copy of the foregoing Affirmation in Sur-Reply to be served via e-mail and first class mail upon:

    SILLS CUMMIS EPSTEIN & GROSS
    One Riverfront Plaza
    Newark, NJ 07102-5400
    Attn: Marc D. Youngelson, Esq.

Dated: June 10, 2008

                                                        */s/ Allen J. Kozupsky*
                                                        Allen J. Kozupsky, Esq.