# SILLS CUMMIS & GROSS

A PROFESSIONAL CORPORATION

One Rockefeller Plaza
New York, NY 10020
Tel: 212-643-7000
Fax: 212-643-6500

ONE RIVERFRONT PLAZA
NEWARK, NEW JERSEY 07102-5400
TEL: 973-643-7000
FAX: 973-643-6500

**MARC D. YOUNGELSON**
ASSOCIATE
PHONE: (212) 643-7000
E-MAIL: MYOUNGELSON@SILLSCUMMIS.COM

650 COLLEGE ROAD EAST
PRINCETON, NJ 08540
TEL: 609-227-4600
FAX: 609-227-4646

## DOCUMENT FILED ELECTRONICALLY

January 16, 2008

**Via Fedex**

Honorable Kenneth M. Karas
United States District Judge
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601

Re:    PH International Trading Corp., d/b/a Hana K v. Nordstrom, Inc.
       Case No. 07-10680 (KMK)

Dear Judge Karas:

We represent defendant Nordstrom, Inc. ("Nordstrom") in the above-referenced action (the "Action"). As described below in more detail, Nordstrom anticipates making a motion to dismiss the complaint filed by plaintiff PH International Trading Corp. d/b/a Hana K ("PH International" or "plaintiff"), on the ground that (i) plaintiff's service of its initial pleading – a Summons with Notice in New York State Court – was insufficient, in that it was not served on Nordstrom within 120 days of its filing; and (ii) as a result, plaintiff's claims in the Action are time-barred by the four-year statute of limitations under New York's Uniform Commercial Code (the "Motion to Dismiss"). Accordingly, pursuant to Your Honor's individual rules, we write to request a pre-motion conference to address Nordstrom's Motion to Dismiss.

## Facts

On July 24, 2006, PH International commenced the Action by filing a Summons with Notice in New York State Supreme Court. (See Exhibit A hereto.) Plaintiff, however, did not serve its Summons with Notice on Nordstrom until November 2, 2007, more than fifteen months later. (Exhibit B hereto.) On November 29, 2007, Nordstrom removed the Action to this Court. On January 7, 2008, plaintiff served its Complaint ("Compl.") on Nordstrom. (Exhibit C hereto.)

Hon. Kenneth M. Karas, U.S.D.J.
January 16, 2008
Page 2

In Count One, PH International alleges that, during 2002, Nordstrom placed an order for leather and shearling outerwear garments with plaintiff, a manufacturer and distributor of such goods. (Compl. ¶¶ 1, 11.) Plaintiff further alleges Nordstrom breached the foregoing contract by canceling the order without cause. (Id. ¶¶ 14-15.) PH International seeks $1.75 million in compensatory damages and more than $1 million in exemplary damages.[1] (Id. ¶¶ 18-19.)

Plaintiff does not identify in its Complaint the date on which Nordstrom purportedly canceled plaintiff's alleged order. Correspondence from plaintiff's counsel, however, confirms that the alleged cancellation occurred in or about late August or early September 2002. (See Exhibit D hereto.) Indeed, by e-mail dated September 11, 2002, Nordstrom advised plaintiff that plaintiff had not received a valid, approved purchase order from Nordstrom. (Exhibit E hereto.)

Nordstrom has asked PH International to identify any other purchase orders – i.e., orders in addition to the invalid purchase order referenced in Nordstrom's September 11, 2002 e-mail – it believes Nordstrom wrongfully canceled. Plaintiff has not done so. Regardless, for purposes of Nordstrom's Motion to Dismiss, the "cancellation" of any such orders occurred no later than September 2002 – when Nordstrom made it plain that, as far as it was concerned, it had not authorized providing any other purchase orders to plaintiff.[2]

### Basis for Nordstrom's Motion

The basis for Nordstrom's Motion to Dismiss is straightforward. First, CPLR § 306-b provides that "service of the . . .summons with notice . . . shall be made within one hundred and twenty days after the filing of the . . . summons with notice." § 306-b further provides that if, as here, "service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant." Alternatively, § 306-b provides that the Court, in its discretion, may extend the time for service.

Here, PH International filed its Summons and Notice on July 24, 2006; thus, it had until November 21, 2006 to serve that pleading on Nordstrom. Plaintiff, however, did not serve Nordstrom until November 2, 2007 – almost a full year past the November 21 deadline, and more than 15 months after the Action was commenced. Accordingly, pursuant to CPLR § 306-b, plaintiff's Summons with Notice should be dismissed.

Second, Article 2 of New York's Uniform Commercial Code ("UCC") governs here, as the alleged contract between the parties was for a sale of goods (leather and fur outerwear).

---

[1]    In Counts Two and Three, PH International alleges in the alternative that Nordstrom wrongfully canceled (i) orders placed with plaintiff between March and June 2002 (Compl. ¶¶ 21, 25 (Count Two)); and (ii) additional goods manufactured by plaintiff to "assure that Nordstrom would not run out of stock" of the ordered items (Id. ¶¶ 31-32, 36 (Count Three)). Plaintiff seeks compensatory damages of $750,000 on Count Two and $1,00,000 on Count Three, and exemplary damages in excess of $1 million on both Counts. (Id. ¶¶ 29, 38.)

[2]    While not relevant to its Motion to Dismiss, Nordstrom contends that PH International never received any valid or authorized purchase orders from Nordstrom.

Hon. Kenneth M. Karas, U.S.D.J.
January 16, 2008
Page 3

Pursuant to § 2-725 of the New York UCC, the applicable statute of limitations is four years: "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." (§ 2-725(1).) "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." (Id. § 2-725(2).)

PH International's claim accrued on September 11, 2002 – the date on which Nordstrom purportedly breached the parties' sale of goods contract. To the extent plaintiff claims that Nordstrom breached "other" purchase orders, the date on which those claims accrued would be the same – Nordstrom advised plaintiff by that date Nordstrom had approved no other purchase orders to plaintiff. Thus, plaintiff had to commence – i.e., file – the Action within four years of September 11, 2002 – i.e., by September 11, 2006.

If plaintiff's original Summons with Notice is dismissed for having not been timely served under § 306-b, plaintiff no longer would be entitled to the benefit of its initial July 24, 2006 filing date. Rather, the commencement date of Action would be January 7, 2008 – the date on which plaintiff filed its Complaint herein – which is more than a year beyond the September 11, 2006 statute of limitations deadline. Accordingly, plaintiff's claims are time-barred, and the Action should be dismissed with prejudice.

Nordstrom recognizes that the documents noted above – which confirm the critical date on which plaintiff's claim accrued – are not referred to in the Complaint. However, Nordstrom believes that there is no dispute between the parties as to this date or as to the authenticity of these documents. Accordingly, the Court properly may consider the documents on the Motion to Dismiss. See, e.g., Faulkner v. Beer, 463 F.2d 130, 134 (2d Cir. 2006) (court may consider documents relied upon by plaintiff in drafting the complaint and integral to the complaint on 12(b)(6) motion where "no dispute exists regarding the authenticity or accuracy of the document") (citing Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991)).[3]

Nordstrom's deadline to move or respond to plaintiff's Complaint currently is Monday, January 28, 2008. Accordingly, Nordstrom respectfully requests a pre-motion conference sufficiently in advance of this deadline so that it may prepare and file its Motion to Dismiss.

Respectfully submitted,

Marc D. Youngelson

Enclosure
cc:    Allen Kozupsky, Esq., Counsel to Plaintiff (w/ enclosure via e-mail and regular mail)

---

[3]    If plaintiff disputes the date upon which its claims accrued, Nordstrom respectfully submits that the Court, pursuant to FRCP 12(b), may convert Nordstrom's motion to one for summary judgment under FRCP 56, and, if necessary, allow for limited, focused discovery to establish this important date.

EXHIBIT A

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

PH INTERNATIONAL TRADING CORP. D/B/A
HANA K,

                                                    Plaintiff,

          -against-

NORDSTROM, INC.,

                                                    Defendant.

## SUMMONS with NOTICE

## MATTHEW A. BLANK

**Attorney for Plaintiff**

2 Crosfield Avenue
West Nyack, NY 10994
845 358-8880

Signature of Counsel pursuant to 22 NYCRR 130-1.1a _____

                                                    Matthew A. Blank

*Service of a copy of the within*                              *is hereby admitted.*

*Dated:*

                                          _____

                                          *Attorneys for*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
PH INTERNATIONAL TRADING CORP. D/B/A
HANA K,

Index No.:   13524/06
Date Purchased:   7/24/06

      Plaintiff,

   -against-

NORDSTROM, INC.,

SUMMONS WITH NOTICE

The basis of venue is
Defendant's Principal Office

      Defendant.
-------------------------------------------------------------------X

RECEIVED
JUL 24 2006
TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

To the above-named Defendant:

              You are hereby summoned and required to serve an answer to the complaint in this action, or if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: July 24, 2006

                         MATTHEW A. BLANK
                         Attorney for Plaintiff(s)
                         Office & P.O. Address
                         2 Crosfield Avenue
                         West Nyack, New York 10994
                         845-358-8880

Notice: The nature of this action is to recover damages for breach of contract.

The relief sought is a money judgment in the sum of $1,750,000.00

Upon your failure to appear, judgment will be taken against you by default in the sum of $1,750,000.00 with interest thereon from August 1, 2002 and the costs and disbursements of this action.

FROM: Elena Boutakova (212)894-8940
CT - New York SOP Team
111 Eighth Avenue

New York, NY 10011

TO:  **Pat Jones (206)303-2541**
**Nordstrom, Inc.**
**1700 - 7th Avenue**
**Suite 700**
**Seattle, WA 98101**
Ref: SOP/0101900/512749959/Elena Boutakova



FedEx Revenue Barcode

CAD# 8278166
SHIP DATE: 02NOV07
WEIGHT: 1 LB



DELIVERY ADDRESS (FedEx-EDR)

TRK #  **7988 0050 1272**     FORM
0201

**98101**    -WA-US

**PRIORITY OVERNIGHT**

**SEA**

# XH LKEA

**MON**
A1
Deliver by:
**05NOV07**



CLS080607

EXHIBIT B

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
11/02/2007
CT Log Number 512749959

TO:     Pat Jones
        Nordstrom, Inc.
        1700 - 7th Avenue, Suite 700
        Seattle, WA 98101-4407

RE:     **Process Served in New York**

FOR:    Nordstrom, Inc. (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | PH International Trading Corp., etc., Pltf. vs Nordstrom, Inc., Dft |
| **DOCUMENT(S) SERVED:** | Letter, Summons with Notice, |
| **COURT/AGENCY:** | Westchester County: Supreme Court, NY<br>Case # 13504/06 |
| **NATURE OF ACTION:** | Breach of Contract - Seeking $1,750,000.00 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 11/02/2007 postmarked on 10/30/2007 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after the service is complete |
| **ATTORNEY(S) / SENDER(S):** | Matthew A. Blank<br>2 Crosfield Avenue<br>West Nyack, NY 10994<br>845-358-8880 |
| **REMARKS:** | Papers were served on the New York State Secretary of State on 10/26/07. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight , 796800501272<br>CC Recipient(s)<br>D. WAYNE GITTINGER, via Regular Mail |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Christopher Tilton<br>111 Eighth Avenue<br>New York, NY 10011<br>212-894-8940 |

Page 1 of 1 / EB

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

PH INTERNATIONAL TRADING CORP. D/B/A
HANA K,

                                                    Plaintiff,

            -against-

NORDSTROM, INC.,

                                                    Defendant.

SUMMONS with NOTICE

### MATTHEW A. BLANK

**Attorney for Plaintiff**

2 Crosfield Avenue
West Nyack, NY 10994
845 358-8880

Signature of Counsel pursuant to 22 NYCRR 130-1.1a _____

                                                    Matthew A. Blank

*Service of a copy of the within*                          *is hereby admitted*

*Dated*

                                                    _____
                                                    *Attorneys for*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
--------------------------------------------------------------X
PH INTERNATIONAL TRADING CORP. D/B/A
HANA K,

        Plaintiff,

  -against-

NORDSTROM, INC.,

        Defendant.
--------------------------------------------------------------X

Index No.: 13504/06
Date Purchased: 7/24/06

SUMMONS WITH NOTICE

The basis of venue is
Defendant's Principal Office

*RECEIVED*
*JUL 24 2006*
*TIMOTHY C. IDONI*
*COUNTY CLERK*
*COUNTY OF WESTCHESTER*

To the above-named Defendant

        You are hereby summoned and required to serve an answer to the complaint in this action, or if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: July 24, 2006

MATTHEW A. BLANK
Attorney for Plaintiff(s)
Office & P.O. Address
2 Crosfield Avenue
West Nyack, New York 10994
845-358-8880

Notice: The nature of this action is to recover damages for breach of contract.

The relief sought is a money judgment in the sum of $1,750,000.00

Upon your failure to appear, judgment will be taken against you by default in the sum of $1,750,000.00 with interest thereon from August 1, 2002 and the costs and disbursements of this action.

FROM: Elena Boutakova (212)894-8940
CT - New York SOP Team
111 Eighth Avenue

New York, NY 10011

TO:  **Pat Jones (206)303-2541**
**Nordstrom, Inc.**
**1700 - 7th Avenue**
**Suite 700**
**Seattle, WA 98101**
Ref. SOP/0101900/512749959/Elena Boutakova



FedEx Revenue Barcode

CAD#: 6276166
SHIP DATE: 02NOV07
WEIGHT: 1 LB

DELIVERY ADDRESS (FedEx-EDR)

TRK #  7988 0050 1272      FORM
0201

98101    -WA-US

**PRIORITY OVERNIGHT**                SEA

**MON**
A1
Deliver by:
05NOV07

# XH LKEA



CLS000607

EXHIBIT C

## Marc Youngelson

| | |
|---|---|
| **From:** | NYSD_ECF_Pool@nysd.uscourts.gov |
| **Sent:** | Monday, January 07, 2008 10:28 AM |
| **To:** | deadmail@nysd.uscourts.gov |
| **Subject:** | Activity in Case 7:07-cv-10680-KMK PH International Tranding Corp. v. Nordstrom, Inc. Complaint |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### United States District Court for the Southern District of New York

## Notice of Electronic Filing

The following transaction was entered on 1/7/2008 at 10:27 AM EST and filed on 1/7/2008
**Case Name:**         PH International Tranding Corp. v. Nordstrom, Inc.
**Case Number:**     7:07-cv-10680
**Filer:**                 PH International Tranding Corp.
**Document Number:** 4

**Docket Text:**
**COMPLAINT against Nordstrom, Inc.Document filed by PH International Tranding Corp. (fk)**

**7:07-cv-10680 Notice has been electronically mailed to:**

Matthew Alan Blank mcjsn@aol.com

Mark Steven Olinsky molinsky@sillscummis.com

Marc David Youngelson myoungelson@sillscummis.com

**7:07-cv-10680 Notice has been delivered by other means to:**

Allen J. Kozupsky
Allen J. Kozupsky, Esq.
672C Heritage Hills
Somers, NY 10589

The following document(s) are associated with this transaction:

1/14/2008

**ALLEN J. KOZUPSKY, ESQ.**
Allen Kozupsky (AK-7851)
672C Herritage Hills
Somers, New York 10589
914-277-2823

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------------X     Civil Action No.:
                                                                                     07 CV 10680 (KMK)

P.H. INTERNATIONAL TRADING CORP. d/b/a HANA K,

                                                                Plaintiff,

       -against-

NORDSTROM, INC.                                                              **JURY DEMANDED**

                                                                Defendant.
-------------------------------------------------------------------------------X

### COMPLAINT

       Plaintiff P.H. International Trading Corp. d/b/a Hana K, complaining of Defendant,

Nordstrom, Inc. by Allen J. Kozupsky, its attorney, respectfully alleges:

### The Parties

       1.       Plaintiff P.H. International Trading Corp. d/b/a Hana K (hereafter "Hana K"

or Plaintiff) is a corporation of the State of New York, with offices located in New York, New York.

Hana K is a manufacturer and distributor of high quality leather, fur and sheerling outerwear.

       2.       Upon Information and belief, defendant Nordstrom, Inc., (hereafter

"Nordstrom" or Defendant) is a corporation of the State of Washington licensed to transact business

in the State of New York. Nordstrom is a retail merchant of goods and wares, including leather, fur

and/or sheerling outerwear.

-1-

### Jurisdictional Statement

5.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332(a).

6.      Venue is proper pursuant to 28 U.S.C. §§1391.

### Allegations Relevant To All Claims

7.      Upon information and belief, and at all times hereinafter mentioned, "Rick" Boniakowski ("Boniakowski") was an officer, agent, buyer and/or employee of Nordstrom.

8.      That from 1996 through 2002, Hana K and Nordstrom engaged in a business relationship whereby Hana K sold high quality leather, fur and sheerling outerwear designed, and manufactured specifically for Nordstrom.

9.      Upon information and belief, and at all times hereinafter mentioned, Boniakowski was authorized to place orders on behalf of Nordstrom for certain merchandise, including but not limited to leather, fur and shearling garments.

### COUNT I
### *(Breach of Contract)*

10.     Plaintiff repeats and realleges each and every allegation contained in ¶¶1 through 9 as though fully set forth herein.

11.     That during 2002, Boniakowski, on behalf of Nordstrom, placed orders for leather and shearling garments with Hana K, the "Boniakowski Order".

12.     That Boniakowski Order was placed by Nordstrom in the same and usual manner in accordance with the prior dealings between the parties and/or industry standards.

13.    That Hana K specifically manufactured the garments called for by the Boniakowski Order.

14.    That after the Boniakowski Order had been manufactured by Hana K, Nordstrom notified Hana K that it was cancelling the Boniakowski Orders.

15.    That Nordstrom's cancellation of the Boniakowski Order was due to no fault of Hana K.

16.    That Nordstrom willfully and without any cause, reason or provocation, cancelled the Boniakowski Order.

17.    That the resulting dollar value of the Boniakowski Order placed with Hana K on behalf of Nordstom totaled over $1,750,000.00.

18.    That as a result of Nordstrom cancelling the Boniakowski Order, Hana K has been damaged in an amount to be determined at trial, but believed to be in excess of $1,750,000.00.

19.    That as a result of the wilful actions on the part of Nordstrom, Plaintiff Hana K is entitled to exemplary damages in excess of One Million Dollars ($1,000,000.00).

## COUNT II

### *(Alternative Cause of Action for Breach of Contract)*

20.    Plaintiff repeats and realleges the contents ¶1 through ¶19 as though fully set forth herein.

21.    That from on or about March, 2002 through June, 2002, Boniakowski, on behalf of Nordstrom, placed orders for leather and shearling garments with Hana K ("Order1").

22.    That the dollar value of Order1 placed by Nordstom totaled over $750,000.00.

-3-

23.    That Order1 was placed by Nordstrom in the same and usual manner in accordance with the prior dealings between the parties and/or industry standards.

24.    That Hana K specifically manufactured the garments called for by the Order1.

25.    That after Order1 had been manufactured, Nordstrom, notified Hana K that it was cancelling Order1.

26.    That Nordstrom's cancellation of Order1 was due to no fault of Hana K.

27.    That Nordstrom willfully and without any cause, reason or provocation, cancelled Order1.

28.    That as a result of Nordstrom cancelling Order1, Hana K has been damaged in an amount to be determined at trial, but believed to be in excess of $750,000.00.

29.    That as a result of the wilful actions on the part of Nordstrom, Plaintiff Hana K is entitled to exemplary damages in excess of One Million Dollars ($1,000,000.00).

## COUNT III
### *(Alternative Cause of Action for Breach of Contract)*

30.    Plaintiff repeats and realleges the contents ¶1 through ¶29 as though fully set forth herein.

31.    That in addition to manufacturing the goods called for by Order1, Hana K, as was customary in the industry and in accordance with the prior dealings of the parties, manufactured additional goods specific to Nordstrom ("Order2").

-4-

32.      That the purpose of Order2 was to assure that Nordstrom would not run out of stock of Order1 garments.

33.      That Order2 was made with the express knowledge and consent of Nordstrom.

34.      That the dollar value of Order2 totaled over $1,000,000.00.

35.      That Hana K manufactured the merchandise called for by Order2.

36.      That despite due demand, Nordstrom willfully and without any cause, reason or provocation refused to pay for Order2.

37.      That as a result of the foregoing, Hana K has been damaged in an amount to be determined at trial, but believed to be in excess of $1,000,000.00.

38.      That as a result of the wilful actions on the part of Nordstrom, Plaintiff Hana K is entitled to exemplary damages in excess of One Million Dollars ($1,000,000.00).

WHEREFORE, Plaintiff P.H. International Trading Corp. d/b/a Hana K demands judgment against Nordstrom, Inc. as follows:

On Count One, that Plaintiff recover from Defendant damages in a sum not presently known but reasonably believed to be in excess of One Million Seven Hundred Fifty Thousand Dollars ($1,750,000.00).

On Count Two, that Plaintiff recover from Defendant damages in a sum not presently known but reasonably believed to be in excess of Seven Hundred Fifty Thousand Dollars ($750,000.00).

On Count Three, that Plaintiff recover from Defendant damages in a sum not presently known but reasonably believed to be in excess of One Million Dollars ($1,000,000.00).

On all Counts, exemplary damages in excess of One Million Dollars ($1,000,000.00), together with reasonable attorneys' fees, the costs and disbursements of this action and interest as is appropriate and as this Court allows.

ALLEN J. KOZUPSKY, ESQ.
Attorney for Plaintiff

By Allen Kozupsky (AK-7851)
672C Heritage Hills
Somers, New York 10589
914-277-2823

Dated: January 2, 2008

EXHIBIT D



# NORDSTROM

CONFIDENTIAL

### \*\*\* COVER SHEET \*\*\*

> Number of pages (including this page): 4

To:        Sheryl Garland *(via: facsimile, original by mail)*
Company:   Nordstrom, Inc.
Phone:     (206) 303-4412
Facsimile: (206) 303-2789

cc:        Wayne Gittinger *(via: facsimile)*
Company:   Lane Powell PC
Phone:     (206) 223-7053
Facsimile: (206) 223-7107

cc:        Dave Mackie *(via: hand delivery)*
Company:   Nordstrom, Inc.
Phone:     (206) 303-4401
Facsimile: (206) 303-4419

From:      Pat Jones
           Real Estate & Corporate Secretary Office
           Nordstrom, Inc.
           1700 Seventh Avenue
           Seattle, Washington 98101
           (206) 303-2541 ph
           (206) 303-4419 fx

Date:      February 16, 2005

Re:        PH International Trading Corp. dba Hana K

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Comments:  Hi Sheryl- this was sent to #803 (1617 Sixth Avenue) and inter-store mailed

to our office. The ten day response period is coming up.

*The information contained in this message is intended only for the addressee or addressee's agent. The message may contain information that is privileged, confidential, or otherwise exempt from disclosure. If the reader of this message is not the intended recipient or recipient's authorized agent, then you are notified that any dissemination, distribution or copying of this message is prohibited. If you have received this message in error, please notify the sender by telephone and return the original and any copies of the message by mail to sender at the address stated above.*

ERROL BLANK

ATTORNEY AT LAW

CENTEROCK EAST

2 CROSFIELD AVENUE

WEST NYACK, NEW YORK 10994

TELEPHONE: (845) 358-8880

FACSIMILE: (845) 353-1996

February 8, 2005

Nordstrom
1617 Sixth Avenue
Seattle, WA 98101-1742

Re: PH International Trading Corp.
Purchase Order No. 10420647
File No. 424-040

Gentlemen:

This office represents PH International Trading Corp. which does business under the "Hana K" trade name. The following information has been furnished by our client together with documentary evidence in support thereof:

Hana K is engaged in the sale and distribution of high quality outerwear. Many of its garments were specifically designed for and sold exclusively to Nordstrom. Hana K commenced selling such garments to Nordstrom in or about 1995 and from that time until the events described below the parties enjoyed a respectful and mutually beneficial relationship.

The course of dealing which evolved and was followed with respect to the sale of garments was that each year Nordstrom's national fur buyer would view Hana K's new sample collection of garments in Hana K's showroom. The buyer would make selections from those garments, a purchase order would be issued and Hana K would immediately proceed to fill the order. The garments would be manufactured and the completed garments delivered to Nordstrom stores in accordance with the purchase order. This is the sequence of events followed by the parties throughout the course of their relationship. For reasons which were never adequately explained to Hana K and which to this day are not understood, the foregoing procedure was stopped by Nordstrom after the purchase order was placed in 2002.

In August 2002, as had been done for the previous six years, the same Nordstrom national fur buyer, who had previously ordered from Hana K, came to their showroom to view the following year's styles. Specified garments were ordered by the buyer. A purchase order for those garments (#10420647) and confirmation of the order were issued from Nordstrom's main buying office. As a result of that order, Hana K, as was customary and necessary to

Feb-16-2005   13:34   From-Real Estate and Corporate Dept.   +205   T-202   P.24/27   F-...

ERROL BLANK
ATTORNEY AT LAW


Nordstrom
February 8, 2005
Page Two


have the goods delivered on time, acted immediately to have the goods manufactured. All of those garments were thereafter manufactured according to the order. Despite Hana K's compliance with its obligations in accordance with the order and the six year course of dealings between the parties, Nordstrom, without cause or justification, abrogated its commitment.

Approximately three weeks before the scheduled delivery, Nordstrom repudiated its obligations under the order. As a result none of the garments covered by the order were paid for by Nordstrom. Nordstrom's repudiation of its obligations was legally unjustified and in violation of its obligations to Hana K. As a direct result thereof Hana K has sustained damages in the sum of $1,893,140.00 demand for which is hereby made.

If you wish to resolve this matter prior to the institution of litigation, please contact the undersigned upon receipt of this letter. Your failure to respond within ten days from the date hereof will lead to the conclusion that you have no such desire, in which event legal action will be instituted to recover all damages sustained.

Very truly yours,

ERROL BLANK

EB:am
cc. PH International Trading Corp.



ERROL BLANK
ATTORNEY AT LAW
CENTEROCK EAST
2 CROSFIELD AVENUE
WEST NYACK, NEW YORK 10994

Nordstrom
1617 Sixth Avenue
Seattle, WA 98101-1742

Legal

Rec'd
2/16/05
via inter-store
mail

EXHIBIT E

## /ard, Monica

| | |
|---|---|
| **From:** | Ward, Monica |
| **Sent:** | Wednesday, September 11, 2002 1:24 PM |
| **To:** | 'hanak@concentric.net' |
| **Cc:** | Stein, Lori; Babcock, Tracy; Hadac, Karen |
| **Subject:** | Nordstrom confirmation |

**Contacts:**          Hana and Pierre Lang

Pierre and Hana,

It was nice speaking with you Monday and I appreciate your time
to share with me your business relationship with Mr. Sorio.

Per our conversation today, PO 10420647 has not be activated as an approved order in
our system.  This PO was faxed to you prior to an authorized signature.  Thank you for
taking the time Friday to review styles with Tracy Babcock and Lori Stein.

Regards,
Monica Ward
Nordstrom
VP/CMM Bridge Apparel
206-373-4626

1